377 So.2d 385 (1979)
NONE OF THE ABOVE
v.
Paul J. HARDY, William J. Guste, Jr., and Douglas Fowler.
No. 13206.
Court of Appeal of Louisiana, First Circuit.
October 5, 1979.
*386 Paul Henry Kidd, Monroe, for appellant.
Carmack M. Blackmon, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, CHIASSON, PONDER and COLE, JJ.
PER CURIAM.
This is an election case. The trial court sustained defendants' peremptory exception of no right and no cause of action. Plaintiff appealed.
Petitioner qualified to run for Governor of the State of Louisiana under the name of Luther Devine "L. D." Knox and requested his name to appear on the ballot in that form. A month after the qualifying period he legally changed his name to None-Of-The-Above. He then requested the Secretary of State to change his name on the ballot.
The Secretary of State requested an opinion from the Attorney General who advised that LSA-R.S. 18:463 states in pertinent part a candidate shall designate the form in which his name shall be printed on the ballot, but he shall not designate a deceptive name. The Attorney General found the name change on the ballot to be not permissible under the statute.
Plaintiff filed suit requesting that LSA-R.S. 18:463 and the opinion of the Attorney General be declared unconstitutional and further that the defendants be enjoined to include his legal name on the ballot or that defendants be enjoined from holding the gubernatorial election on October 27, 1979. Plaintiff admits in his petition that he has no hope of being a serious candidate and his sole purpose is to arouse interest in the adoption of a None Of The Above option by the legislature.
Defendants urge that plaintiff was not an elector on the date of qualifying and therefore he has no right of action. Defendants also urge the statute required him to declare at the time of qualifying the form in which his name shall be printed on the ballot and there is no provision of changing the designation after the period of qualification. Finally defendants urge that the name None-Of-The-Above on the ballot would be deceptive and against the specific language of the statute.
The exception of no right of action is inapplicable. Plaintiff, as a qualified candidate for governor, has a legal interest in the subject matter of this suit. He did in fact exist as an elector at the time he qualified. He still exists now, only under a different name.
On an exception of no cause of action, the court must accept as true all of the well pleaded facts of the petition. The court must then determine whether the petition alleges a wrong for which the law affords a remedy. Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (1st Cir. 1977). The Louisiana Supreme Court stated:
"The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded, the issue is whether the face of the petition presents a case which legally entitles the mover to the redress sought." *387 Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La. 1975).
In the case now before this court, the relief asked for is that the Secretary of State be enjoined to change petitioner's name on the ballot. Under the clear wording of LSA-R.S. 18:463 the candidate shall designate in his notice of candidacy the form in which his name shall be on the ballot but he shall not designate a deceptive name. A state has a constitutional right to regulate how and in what circumstances names of candidates shall be placed on ballots to protect voters from confusion or fraudulent or frivolous candidates. MacBride v. Exon, 558 F.2d 443 (8th Cir. 1977). Louisiana therefore has an interest in preventing deceptive names from appearing on the ballots and has so held in Wilty v. Jefferson Parish Democratic Executive Committee, et al., 245 La. 145, 157 So.2d 718 (1963). It is our considered opinion that None-Of-The-Above appearing on the ballot would be misleading and deceptive and therefore a violation of the statute.
Petitioner raises several constitutional issues. We find his allegations of unconstitutionality to be conclusions of law and without allegations of facts to support these conclusions. At any rate they are without substance.
We note that the trial court did not assess costs against appellant because the suit was filed in forma pauperis. Code of Civil Procedure Articles 5181-5188 allow a suit to continue without bond and without payment of costs as they accrue. These articles do not bar assessment of costs.
The judgment of the trial court is affirmed. Appellant is taxed with costs in both the trial court and in this court.
AFFIRMED.