**J.B. (Bill) CLIFFORD, Petitioner,**

v.

**Vernon T. HOPPE, Auditor-Director of Property Taxation of Hennepin County, Richard J. Stolz, Auditor of Carver County, Thomas L. Hennen, Auditor of Scott County, Carl D. Onischuk, Auditor of Dakota County, Bill Miller, Auditor of Goodhue County, Joan Anderson Growe, Secretary of State of the State of Minnesota, Shelvie J. Rettmann, Respondents.**

No. C4–84–1323.

Supreme Court of Minnesota.

Nov. 9, 1984.

Bruce D. Willis, Minneapolis, for petitioner.

Hubert H. Humphrey, III, Atty. Gen., Peter M. Ackerberg, St. Paul, for Joan Anderson Growe.

Shelvie J. Rettmann, pro se.

PETERSON, Justice.

This opinion confirms the August 3, 1984, order of this court directing that the Minnesota Secretary of State's original certification of "Shelvie Prolife Rettmann" as an Independent-Republican candidate for election to the office of United States Representative for the Third District of Minnesota be invalidated and the candidate's name be recertified as "Shelvie J. Rettmann" and that the affected county auditors designate the candidate as "Shelvie J. Rettmann" on the primary election ballots.

The matter comes to this court as a matter of original jurisdiction pursuant to Minn.Stat. § 204B.44 (1982), which provides:

Any individual may file a petition in the manner provided in this section for the correction of any of the following errors, omissions or wrongful acts which have occurred or are about to occur:

(a) An error or omission in the placement or printing of the name or description of any candidate on any official ballot;

(b) Any other error in preparing or printing any official ballot;

(c) Failure of the chairman or secretary of the proper committee of a major political party to execute or file a certificate of nomination;

(d) Any wrongful act, omission, or error of any election judge, municipal clerk, county auditor, canvassing board or any of its members, the secretary of state, or any other individual charged with any duty concerning an election.

The petition shall describe the error, omission or wrongful act and the correction sought by the petitioner. The petition shall be filed with any judge of the supreme court in the case of an election for state or federal office or any judge of the district court in that county in the case of an election for county or municipal office. The petitioner shall serve a copy of the petition on the officer, board or individual charged with the error, omission or wrongful act, and on any other party as required by the court. Upon receipt of the petition the court shall immediately set a time for a hearing on the matter and order the officer, board or individual charged with the error, omission or wrongful act to correct the error or wrongful act or perform the duty or show cause why he should not do so. The court shall issue its findings and a final order for appropriate relief as soon as possible after the hearing. Failure to obey the order is contempt of court.

*Id.*

On July 17, 1984, the final day for filing as a candidate for an office to be selected at the November 1984 general election, respondent Shelvie Rettmann filed with the Minnesota Secretary of State as an Independent-Republican candidate for United States Representative for Minnesota's Third Congressional District. On the affidavit of candidacy, Rettmann first indicated that her name should appear on the ballot as "SHELVIE J. RETTMANN" but

then crossed out that name and lettered in above it "SHELVIE PROLIFE RETT-MANN." She signed the affidavit of candidacy as "Shelvie J. Rettmann."

By a certification dated July 22, 1984, the secretary of state certified to the county auditors the names to appear on the state partisan primary ballots for the September 11, 1984, election. Among the names certified was that of "SHELVIE PROLIFE RETTMANN," to appear on the primary ballot in the Third Congressional District as an Independent-Republican candidate for the United States House of Representatives. Five Minnesota counties—Carver, Dakota, Goodhue, Hennepin, and Scott—lie wholly or partly within the Third District. Because the name "SHELVIE PROLIFE RETTMANN" had been certified by the secretary of state, the auditors of these affected counties were required to print ballots showing her name in that form. Minn.Stat. § 204D.07, subd. 1 (1982).

■ This court's jurisdiction, which is not contested, was duly invoked by the petition of J.B. Clifford, a person qualified to vote in Minnesota's Third Congressional District.[1] In his petition and supporting affidavit, Clifford contended that " 'Shelvie Prolife Rettmann' is neither the name of the candidate nor a name by which she is commonly and generally known in the community, but rather the inclusion of the

word 'Prolife' is a statement of a position on an issue and is therefore not permitted by law to be printed on the ballot to describe a candidate seeking nomination in a primary election." Clifford therefore requested a court order pursuant to Minn. Stat. § 204B.44 (1982), directing that the candidate's name be recertified and printed on the ballots as "Shelvie J. Rettmann." On July 26, 1984, this court issued an order directed to Joan Anderson Growe, as secretary of state, to show cause at a hearing to be held on August 3, 1984,[2] why the certification to the affected county auditors of the name "Shelvie Prolife Rettmann" should not be invalidated and the candidate's name recertified as "Shelvie J. Rettmann."

■ Although not appearing at the hearing, the secretary of state responded by memorandum, contending that she was not given statutory authority to determine either the accuracy of names provided by candidates or whether a particular name could potentially give that candidate an impermissible advantage over an opponent. Consequently, she had no authority to delete the name without a court order.[3] The secretary of state asserted that the court should order deletion of "Prolife" from Rettmann's name on the ballot if Clifford's contention that she is not known by that name were found to be accurate.

---

1. J.B. Clifford's assertion that he is "a registered voter" of Minnesota's Third Congressional District is uncontroverted. A registered voter has a sufficient interest in the election to raise the issue presented in this case. *State ex rel. Sauer v. District Court,* 74 Minn. 177, 178, 77 N.W. 28, 29 (1898).

2. Rettmann requested a full evidentiary hearing. She filed as a candidate at 3:30 p.m. on July 17, 1984, the last day for filing for the November election, and because of the relatively short time between her filing and the August 3 hearing, time constraints prohibited affording her more than an oral argument. Under Minnesota law, the secretary of state is required to certify to the county auditors the names of all candidates properly filed at least 32 days before the state primary election, Minn.Stat. § 204D.06 (1982), and the county auditors are required to prepare sample ballots at least 2 weeks before the state primary. Minn.Stat. § 204D.09 (1982). These

deadlines could not be met were we to honor the candidate's request.

3. As the secretary of state contends, the Minnesota election laws, Minn.Stat. §§ 204B, 204C, and 204D (1982 & Supp.1983) do not authorize or require the secretary of state to police the form of names to appear on election ballots. While we understand that this is necessary as a matter of practical expediency and that a different rule would impose a great administrative burden upon the filing officials, time constraints prevent court challenges in many instances. Consequently, names are often certified and appear on ballots in forms violative of Minnesota election laws. This problem could be lessened if the legislature were to add to the affidavit of candidacy an assertion that the name the candidate has listed to appear on the ballot is one by which the candidate is commonly or generally known.

Rettmann also filed a response to the order to show cause, contending that ordering removal of "Prolife" would violate the intent of Minn.Stat. § 204B.44. Rettmann claimed that the statute should not be read so broadly as to keep the electorate unenlightened of things that are not errors, omissions, or wrongful acts, but concern good faith issues.

 Initially, we conclude that Rettmann's interpretation of Minn.Stat. § 204B.44 is too narrow. We read the statute as authorizing recertification of any name about to be printed on a ballot in a form that violates Minnesota election laws. Therefore, the issue is whether Minnesota election laws prohibit designating the candidate as "Shelvie Prolife Rettmann" on the election ballot. Confirming our original order, we hold in the affirmative.

Minn.Stat. § 204B.35 (1982 & Supp.1983) governs preparation of election ballots. Subdivision 2 specifies the proper manner of preparation, providing:

Ballots shall be prepared in a manner that enables the voters to understand which questions are to be voted upon and the identity and number of candidates to be voted for in each office and to designate their choices easily and accurately. *The name of a candidate shall not appear on a ballot in any way that gives the candidate an advantage over his opponent except as otherwise provided by law.*

*Id.* (Emphasis added). Because being designated "Prolife" on a ballot could give a candidate an unfair advantage over opponents, it should not be allowed unless otherwise provided by law.

Minnesota election laws provide for three circumstances in which words other than the true name of a candidate may appear on a ballot. A married woman or unremarried widow may use the title "Mrs." and the name or initials of her husband or deceased husband. Minn.Stat. § 204B.05 (Supp.1983). Also, when the similarity of surnames of two or more candidates for the same office at the same election may cause confusion to voters, up to three additional words may be printed on the ballot after each surname to indicate the candidate's occupation, office, residence, or any combination thereof. Minn.Stat. § 204B.38 (Supp.1983). Finally, the name of a candidate for any partisan office who does not seek the nomination of a major political party may be followed by designation of a political party or political principle in three words or less. Minn.Stat. § 204B.07, subd. 1(c) (1982). In addition, the Minnesota Attorney General has consistently advised that if a candidate is commonly or generally known by a particular nickname, that nickname may be printed on the ballot for the purpose of identifying the candidate to voters. *See, e.g.,* Op.Minn. Att'y Gen. No. 28–B–2 (August 2, 1966); Op.Minn. Att'y Gen. No. 28–B–2 (May 12, 1941); Op.Minn. Att'y Gen. No. 28–B–2 (May 22, 1934).[4]

Rettmann does not claim that her use of "Prolife" is authorized by either of the three statutory exceptions to Minn.Stat. § 204B.35, subd. 2 (1982). It is equally clear that "Prolife" is not a name by which she is commonly known. Clifford supplied affidavits indicating that the candidate was not generally known by the name "Prolife," had signed documents relating to her precinct caucus simply as "Shelvie Rettmann," and had signed her voter registration card and a real estate deed as "Shelvie J. Rettmann." The candidate produced no documents other than the affidavit of candidacy on which she had signed her name as "Shelvie Prolife Rettmann" and during questioning at the August 3 hearing admitted that she had never been called "Shelvie

---

4. Although the election laws do not specifically allow this, we see no reason to overrule opinions issued by the attorney general, as advisor to the secretary of state, that have been acted upon and gone unchallenged for so many years. *See, e.g., Soo Line Railroad Co. v. Commissioner of Revenue,* 277 N.W.2d 7, 10 (Minn.1979). This construction is supported by the fact that the legislature has amended the election laws knowing of such construction and in no way indicated that it is inconsistent with legislative intent.

Prolife Rettmann" prior to filing the affidavit.[5]

We therefore find that "Prolife" is neither a nickname by which Shelvie Rettmann is generally and commonly known nor a means of identification authorized by law; rather, it is a statement of her position on a particular issue. As such, it violates Minn.Stat. § 204B.35, subd. 2 (1982), and is an error that must be corrected pursuant to Minn.Stat. § 204B.44 (1982).[6]

Order to show cause made absolute.

---

**5.** The candidate did claim that she had been called by the nickname "Prolife" or "Pro" following her filing of the affidavit of candidacy. We find this irrelevant, since the issue is whether she was generally and commonly known by that nickname prior to and at the time of filing the affidavit of candidacy.

**6.** Our decision in *Windingstad v. Auditor of Traverse County,* No. C1–84–1442 (Minn. Aug. 22, 1984) (order denying petition for relief) is not inconsistent with our holding in this case. In

*Windingstad,* the petitioner challenged the secretary of state's certification of the name "Pat (Family Farmer) O'Reilly" to appear on the primary ballot in the Second Congressional District as a Democratic-Farmer-Labor candidate for the United States House of Representatives. We did not decide that case on the merits but denied the petition for relief as not timely filed, for the reason that the ballots containing the name "Pat (Family Farmer) O'Reilly" had already been printed.