Dear Mr. Martin:
We are in receipt of your letter dated September 10, 1999 wherein you asked whether the nickname designated by Mr. Albert Jones could be omitted from the ballot by the Secretary of State under the provisions of LA-R.S. 18:463.
The statute provides in pertinent part:
 "The candidate shall designate in the notice the form in which his name shall be printed on the ballot. The candidate may designate his given, first, and middle name, the initials of his given, first, and middle name, a nickname, or any combination thereof as the form in which his name shall be printed on the ballot, but he shall not designate a title, designation, or deceptive name, nor shall he designate an occupational or professional description or abbreviation. If the candidate designates a nickname in place of or in combination with his given name or the initials thereof, the nickname shall be set off with quotation marks and shall be placed immediately preceding his sir name. The candidate shall include his surname in his designation of the form in which his name shall be printed on the ballot."
The First Circuit Court of Appeal, in None of the Above v. Paul J.Hardy, 377 So.2d 385, 387 (1979), held, "a state has a constitutional right to regulate how and in what circumstances names of candidates shall be placed on ballots to protect voters from confusion or from fraudulent or frivolous candidates.MacBride v. Exon, 558 F.2d 443 (8th Cir., 1977). Louisiana therefore has an interest in preventing deceptive names from appearing on the ballots and has so held in Wilty v. JeffersonParish Democratic Executive Committee, et al, 245 La. 145,157 So.2d 718 (1963). It is our considered opinion that None-of-the-Above appearing on the ballot would be misleading and deceptive and therefore a violation of the statute."
The sole purpose of the names appearing on the ballot for an election is to properly and sufficiently identify the candidates in the election so that the voters can make a knowledgeable and informed choice. The ballot is not a public forum for advancement of political ideas, issues or objectives; that is left for the candidate's campaign. Thus, information contained on the ballot is not protected speech under the First Amendment to the Constitution, and a candidate has no constitutionally protected right to place inappropriate and unnecessary information thereon.
It is our understanding that the term "Super Nigger" has been given as a nickname in connection with the notice of candidacy. As stated in your opinion request, you believe that the name is both inflammatory and deceptive. We agree. We are also of the opinion that the use of such terminology on the ballot would cause confusion and be both fraudulent and frivolous and serve no useful purpose in identifying the candidate. See e.g. Lewis v. New YorkState Board of Elections, 678 N.Y.S. 809 (N.Y. 1998).
"It would be neither fair nor practical to permit the insertion of such titles or degrees with candidates' names, much less the myriad appellations and items of descriptive matter that might logically follow and which election fever and ingenuity would undoubtedly generate." Lewis v. New York State Board ofElections. See also, Clifford v. Hoppe, 357 N.W.2d 98 (Minn 1984). The voters of Louisiana can and should be protected from such confusion and frivolity.
Accordingly, in the instant case, we conclude that the designation of "Super Nigger" as a nickname on the ballot may be omitted by the Secretary of State under the provisions of LA-R.S.18:463(A)(1)(b).
Should you have any further questions or comments please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
RPI:CHB/mjb