R. D. GIBSON ET AL. v. BOARD OF COMMISSIONERS OF SCOTLAND COUNTY.

(Filed 12 November, 1913.)

Elections — Registration — Oath of Electors — Duty of Registrar— Right of Electors—Injunction.

It is the duty of the registrar to administer the oath to the electors before registration, but his failure to perform this duty will not deprive the elector of his right to vote; and where an election has been held to determine upon the levy of a tax for a public school district, and the registrar has failed in his duty to administer the oath to all of the electors voting in the district, the election will not be held invalid on that account alone, nor will the levying of the tax be restrained.

APPEAL by plaintiffs from *Webb, J.,* at June Term, 1913, of SCOTLAND.

This is an action in behalf of certain citizens and taxpayers to restrain the levying of a tax for schools in Rockdale Public School District, upon the ground that no legal election authorizing the tax has been held.

The General Assembly, at its session of 1913, passed an act, which was ratified on 6 March, 1913, creating Rockdale Public School District in Scotland County, and directing an election to be held upon the question of levying a tax to support the schools in said district.

The county commissioners of Scotland County, pursuant to the act, ordered the election, and directed that a new registration of voters be had.

The election was held, and a majority voted in favor of the tax, and the vote was properly canvassed and returned, and the result of the election declared.

At the hearing of the motion to continue the temporary restraining order to the hearing, his Honor found the following facts as to the registration of voters, which are not disputed:

"That the registrar did not administer any oath to any one of the 122 voters whose names were entered in said registration book, but he did examine each and every one as to his qualifications to register for said election.

"That no one of the said voters whose names were entered on the registration book offered to be sworn or requested the registrar to administer any oath to him.

"That the registrar would have administered an oath to any or all the applicants for registration had they requested him to do so.

"That no voter within the said school district who had the right to register for said election was denied the right to register and vote in said election.

"That each and every one of the 122 voters whose names were entered in the registration book had the right to qualify and register for said election.

"That the election was held at the time and place designated in the order of the board of county commissioners.

"That the registrar and judges canvassed and judicially determined the results of said election and certified the same to the board of county commissioners at a regular meeting of said board, and the said results were by order of the said board of county commissioners recorded in the office of the register of deeds of Scotland County.

"That the said results as certified and recorded set forth that there were 122 registered electors in said election; that of these 65 cast their ballots in favor of the school and the tax levy, and the remaining 57 were counted in the results of said election against the school and the tax levy, and that a majority of the qualified electors in said election cast their ballots in favor of the school and the tax levy."

The motion of the plaintiffs was denied, the temporary restraining order dissolved, and the plaintiffs excepted and appealed.

*Cox & Dunn for plaintiffs.*
*E. H. Gibson and Jonathan Peele for defendant.*

ALLEN, J. Several irregularities in the registration of voters appear in the record, but counsel for the plaintiffs properly admit that none of them are sufficient to vitiate the election unless the failure to administer an oath to those offering themselves for registration has this effect.

The question is important, presenting as it does, on one hand the possibility of admitting as voters those not legally qualified, if the requirements of the law are not observed, and on the other, making it possible for registrars, by neglect or fraud, to disfranchise an entire electorate.

In this case there is no evidence of any improper motive on the part of the registrar or of any of the officers connected with the election, but the principle declared cannot be confined to this case, and will be authority in many others.

We have given the question careful consideration, and have concluded, in the interest of a free and full expression of the popular will, to abide by the precedent heretofore established in this Court, and to sustain the election.

In *Quinn v. Lattimore,* 120 N. C., 426, it was held that the requirement as to the administration of an oath to the elector before registration was directed to the registrar, and that "Where a registrar of election registers a person entitled, under the Constitution and laws, to vote, but through inadvertence or fraud fails to administer the oath required to be administered, such person shall not be for that reason deprived of his vote."

It is true that in the *Lattimore case* all the names on the registration books were not involved, as in this case; but if the principle is admitted as to one voter, it must logically apply to all.

In 15 Cyc., 307, the author adopts the doctrine of this case, and says: "Statutes prescribing the mode of proceeding of

SUPPLY CO. *v.* EASTERN STAR HOME.

public officers are regarded as directory unless there is something in the statute which shows a different intent. Hence, as a general rule, a statute prescribing the powers and duties of registration officers should not be so construed as to make the right to vote by registered voters depend upon a strict observance by the registrars of all the minute directions of the statute in preparing the voting list, and thus render the constitutional right of suffrage liable to be defeated, without the fault of the elector, by the fraud, caprice, ignorance, or negligence of the registrars; for if an exact compliance by these officers with all statutory directions should be deemed essential to the right of an elector to vote, elections would often fail, and electors would be deprived without their fault of an opportunity to vote. A constitutional or statutory provision that no one shall be entitled to register without first taking an oath to support the Constitution of the State and that of the United States is directed to the registrars, and to them alone; and if they through inadvertence register a qualified voter, who is entitled to register and vote, without administering the prescribed oath to him, he cannot be deprived of his right to vote through this negligence of the officers."

We therefore hold that the election was valid, and that the restraining order ought to have been dissolved.

Affirmed.