# W. W. CLAYTON v. W. I. PRINCE and Others.[1]

March 19, 1915.

Nos. 19,072—(272).

**City of Duluth — vote by unregistered voter — affidavit.**

> The provisions of section 38 of the Duluth city charter requiring an unregistered voter desiring to vote at a municipal election to deliver an affidavit of his qualifications to the judges of election is directory; and a failure to observe such requirement does not avoid the election.

W. W. Clayton appealed to the district court for St. Louis county from the decision of the mayor and commissioners of the city of Duluth, acting as a canvassing board, that at the special municipal election held September 16, 1913, 4,791 votes were cast in favor and 4,683 votes against Ordinance No. 355, and that the ordinance was adopted. The court appointed inspectors of ballots and the appeal was heard before Dancer, J., who made findings and ordered judgment in favor of the contestees. From an order denying contestant's motion for a new trial, he appealed. Affirmed.

*Hugh J. McClearn,* for appellant.
*Harvey S. Clapp,* for respondents.

DIBELL, C.

This is an election contest. An ordinance was submitted to a referendum vote in accordance with the provisions of the city charter of Duluth at a special election held on September 16, 1913. The court found that the ordinance was carried. The contestant appeals from the order denying his motion for a new trial.

At the election 9,514 ballots were cast. Of these 2,316 were cast by voters who did not register prior to the day of election. If all the ballots are counted the ordinance was adopted by a majority of 21. The question is upon the legality of the 2,316 ballots.

1 Reported in 151 N. W. 911.

Section 38 of the city charter is in part as follows:

"No person shall be allowed to vote at any municipal election unless his name be registered as herein provided, except that any qualified voter of the city, whose name does not appear among the registered voters, may, at the time he offers his ballot on election day, deliver to the judges of election his affidavit in which he shall state that he is a resident of the election district in which he offers to vote, naming the same, and that he is entitled to vote therein; that he has resided in said election district thirty (30) days next preceding said election and shall give the street number of his residence; that he is a citizen of the United States; that he is twenty-one years of age; that he has resided in the state six months immediately preceding said election, which said affidavit shall be substantiated by the affidavit of two freeholders and electors in such district corroborating all the material statements therein, and in case any person offering to vote at such election shall submit such affidavit so corroborated, the judges of election shall receive his vote although his name does not appear upon the registration rolls."

Under the charter it is not necessary that there be registration days prior to a special election. The council may provide them. It did not for the election here involved.

The provisions of section 38 relative to the making and filing of affidavits were not observed. A voter, not registered at the last preceding municipal election, took an oath satisfying the judges of election that he was a legal voter, was then registered, and was permitted to vote. No affidavits were provided for use. The proceedings had were. in accordance with instructions given to the judges of election by the clerk who erroneously supposed Laws 1907, p. 163, c. 148, § 2 (G. S. 1913, § 434), applicable.

From the beginning it has been the policy of the state to give effect to the votes of legal voters regardless of irregularities in the election. This policy is illustrated by the case of Taylor v. Taylor, 10 Minn. 81 (107), and a long line of intervening cases down to the recent case of McEwen v. Prince, 125 Minn. 417, 147 N. W. 275, which reviews the prior cases.

In the McEwen-Prince case there was an endeavor to comply with

the charter by making affidavits; but they were irregular. It was held that the voter did not lose his vote. That case does not control this. Here there was no such endeavor. The voters, not before registered, in accordance with instructions of the judges of election registered and voted.

On the general question there is a conflict of decision. Some courts hold somewhat similar statutory provisions directory. Tazwell v. Davis, 64 Ore. 325, 130 Pac. 400; Wiley v. Reasoner, 69 Ore. 103, 138 Pac. 250; Gibson v. Board of Comrs. 163 N. C. 510, 79 S. E. 976; State v. Lattimore, 120 N. C. 426, 26 S. E. 638. Others hold that such provisions are mandatory and that a failure to comply with them avoids the election. Fitzmaurice v. Willis, 20 N. D. 372, 127 N. W. 95; State v. Trask, 135 Wis. 333, 115 N. W. 823; Cusick's Election, 136 Pa. St. 459, 20 Atl. 574, 10 L.R.A. 228; In re McDonough, 105 Pa. St. 488. We follow the line of authority most in consonance with the settled policy of our decisions and hold the provisions as to affidavits directory. In doing so we do not go beyond the holding in Taylor v. Taylor, cited supra, where, among other irregularities, there was a failure to observe the statute requiring the use of registry poll lists, and Edson v. Child, 18 Minn. 43 (64), 323 (351), where there was a like failure. In the latter case Justice Berry, in referring to the decision in Taylor v. Taylor, said that the position of the court was that "the provisions of statute requiring the use of registry poll lists were *directory only*, or, in other words, that the use of such lists was not *essential* to a valid election."

It may be noted that there is no claim of fraud in the election, and no claim that illegal votes were cast, except as it is claimed that unregistered voters not presenting affidavits as required by section 38 are not qualified voters.

Order affirmed.