STATE EX REL. THOMAS L. O'HEARN v. AL. P. ERICKSON.[1]

June 9, 1922.

No. 23,062.

**Filing candidate's affidavit before primary election—statute mandatory.**

1. G. S. 1913, § 339, providing for the filing of an affidavit initiatory of a candidacy for office at the primary election, and requiring the affidavit to be filed at least forty days before the date of the election is mandatory, and an affidavit filed after the expiration of the period is ineffectual for any purpose.

**Mere mailing of affidavit within time limit not sufficient.**

2. The situation is not changed or the delay cured by reason of the fact that the affidavit was deposited in the United States post office within the period, where it does not in fact reach the proper office until after the time has expired.

**Statute in unambiguous language not to be changed by practical interpretation of officials.**

3. A statute couched in plain and unambiguous language is not open to a practical or other construction at variance with its clear terms, and the practice of election officers in receiving belated filings, as here indicated, cannot be accepted as the correct interpretation of the statute.

Upon the relation of Thomas L. O'Hearn the supreme court granted its order commanding Al. P. Erickson as county auditor of Hennepin county to desist from omitting and properly place the name of relator on the primary election ballot as candidate for state representative. Order to show cause discharged.

*Oliver G. Wondra,* for petitioner.

*Frank J. Williams,* Assistant County Attorney, for respondent.

BROWN, C. J.

Petitioner in this proceeding is a resident and legal voter of Hennepin county and eligible to the office of representative in the

[1] Reported in 188 N. W. 736.

state legislature. He filed an affidavit of his candidacy for representative from the Twenty-ninth legislative district with respondent, county auditor of the county in which the district is located, accompanied with the required fee, which was rejected by the auditor on the ground that it was not filed within the time prescribed by statute. This proceeding, under G. S. 1913, § 398, was brought to require the auditor, by order of the court, to accept the filing and place petitioner's name on the election ballot as a candidate for the designated office at the June primary election.

The filing affidavit was in form a compliance with the statute on the subject, and was mailed to the auditor on May 10, 1922, the last day for filing, but was not received at the auditor's office until the following day; and that must be regarded as the date of filing. Appleton Mill Co. v. Warder, 42 Minn. 117, 43 N. W. 791. It is not important that it was deposited in the United States post office within the period fixed by the statute. It was not filed until it reached the office of the county auditor.

G. S. 1913, § 339, under which this filing was made, provides that the affidavit of a candidate shall be filed in the proper office "at least forty days before the primary election," and if so filed the candidate thereby becomes entitled to a place on the election ballot. The rule for the computation of time under a statute like this is correctly stated in Village of Excelsior v. Minneapolis & St. P. Sub. Ry. Co. 108 Minn. 407, 120 N. W. 526, 122 N. W. 486, 24 L. R. A. (N. S.) 1035, 133 Am. St. 455. The day on which the act is performed must be excluded and the day on which the event is to happen or take place included. The rule so stated is in harmony with G. S. 1913, § 9412, subd. 21. Applying it to the facts here presented petitioner's affidavit was filed one day late. It was filed on May 11, the day it was received by the auditor, and the primary election occurs on the nineteenth day of June. It was therefore ineffectual as an initiation of petitioner's candidacy.

But it is contended that the statute has been given a construction and application by officers charged with its enforcement which renders the filing on the eleventh valid; that such officers had frequently accepted and acted upon such filings coming through the

mail, therefore that there is in that a practical construction of the statute which should be followed and applied. The contention is not sound. The language of the statute is plain and unambiguous, definitely requires the affidavit to be filed "at least forty days before" the election, and there is no room for construction, practical or otherwise, at variance with its clear terms. 3 Dunnell, Minn. Dig. § 8938. The practice of the election officers in heretofore accepting such filings cannot abrogate the specific requirements of the statute and constitutes no valid precedent, and cannot be given the effect contended for by petitioner. 9 R. C. L. 1087. The statute is mandatory. Seawell v. Gifford, 22 Idaho, 295, 125 Pac. 182, Ann. Cas. 1914A, note 1136. A distinction is made by the courts between requirements and duties imposed upon election officers and things required by the voter, and acts made necessary to initiate a valid candidacy for office; the former being generally held directory; the latter mandatory. 1 Dunnell, Minn. Dig. § 2915; Clayton v. Prince, 129 Minn. 118, 151 N. W. 911, Ann. Cas. 1916E, 407. The distinction is sound and applicable here.

This disposes of the questions presented. The petitioner's affidavit was not filed in time, and he is not entitled to a place on the primary ballot. The order to show cause is therefore in all things discharged.