GEORGE M. GLENN ET AL. v. E. E. CULBRETH ET AL.

(Filed 13 November, 1929.)

1. **Appeal and Error J a—Where act has been done an appeal from order dissolving temporary order will not be decided.**

     Where a temporary order has been issued restraining the use of the registration for a primary election and upon a hearing the order has been dissolved upon proper finding of facts that the registration was regular, and the election has been held, an appeal from the order dissolving the temporary restraining order presents only moot questions, and will not be decided.

2. **Elections I a—Action to try title to public office is by quo warranto and not mandamus.**

     Where the plaintiffs, residents of a city, institute an action praying that the use of the registration for a primary election be enjoined and that *mandamus* issue for a new registration, and a temporary restraining order issued therein has been dissolved, and the election has been held, an appeal from the dissolution of the temporary restraining order, if decided in favor of the appellants, would be in effect an action to try title to office, which cannot be done by *mandamus*, the proper remedy being *quo warranto*.

3. **Elections D c—Voters registered by third persons or failing to take oath not necessarily disqualified.**

     Failure to administer an oath to voters applying for registration does not result in a forfeiture of their right to vote, nor does their registration by third persons necessarily work a disqualification.

**4. Elections I d—Where it is not shown that result of election would be affected the judgment of the trial court will be upheld.**

Where there is no allegation or finding of fact by the trial judge that irregularities complained of in the registration of voters would have affected the result of an election, an appeal from his order dissolving a temporary order restraining the use of the registration will not be disturbed on appeal.

**5. Elections E c—Remedy for irregular registration was by challenge to voters and not mandamus for new registration in this case.**

Where it is alleged that the registration of voters in a primary municipal election was irregular and fraudulent, and the plaintiffs seek *mandamus* to compel a proper registration, and the statute and the charter of the city under which the election is to be held provide for challenge to voters so registered : *Held, mandamus* being a proceeding in equity will not be issued, there being an adequate remedy at law by way of challenge provided by statute. C. S., 5972.

CIVIL ACTION, before *Midyette, J.,* at Chambers, in Raleigh, 12 April, 1929.

The plaintiffs, alleging that they were residents and voters of the city of Raleigh, instituted an action against the defendants, Commissioners of the City of Raleigh, and joined as defendants the registrars of said city. The plaintiffs alleged that a primary election was to be held in Raleigh on 22 April for the purpose of choosing commissioners for said city and a judge of the city court, said primary to be followed by the general election in the city, to be held on the first Monday of May, 1927.

The plaintiffs based their cause of action upon the following contentions :

(a) That the defendants, commissioners of the city of Raleigh, were candidates to succeed themselves and unlawfully attempted to select registrars favorable to their candidacy.

(b) That the defendants unlawfully and illegally printed certain blank cards containing space for the name of the voter and placed such cards in the hands of employees of the city to procure signatures to such cards which were then to be taken to the registrars and placed upon the registration books.

(c) That names of voters have been put upon the registration books unlawfully in all precincts.

(d) That the registrars were not sworn and qualified according to law.

(e) That the registrars have permitted third persons to place names on the registration books.

(f) That applicants for registration had not been sworn as required by law.

(g) That names of voters had been placed on the books by request over the telephone.

Upon such allegations plaintiffs prayed that the defendants and officers and employees of the city be restrained from using said registration and that a writ of mandamus issue.

A temporary injunction was issued and the cause was heard by Midyette, J., on 12 April.

The defendants filed answer, denying fraud or duress, and alleging that the primary was held in accordance with the charter of the city of Raleigh, same being chapter 59, Private Laws of 1913. Affidavits were filed by the parties, and after hearing the evidence the court rendered judgment, the pertinent portions of which are as follows: "This cause coming on to be heard before his Honor, G. E. Midyette, judge holding the courts of the Seventh Judicial District, by exchange, at Chambers in the city of Raleigh, N. C., on this 12 April, 1929, upon a hearing from the citation served upon the defendants in said cause, the same having been made returnable for 16 April, 1929, at 9:30 o'clock a.m.; but upon motion of the defendants the court, in its discretion, upon notice, having shortened the time for said hearing, and the cause having been reset for a hearing on 12 April, 1929, at 7:30 o'clock p.m., and the said hearing being heard upon the complaint, answer and affidavits filed herein, and upon the argument of counsel, and the plaintiffs by permission of the court, having subpœnaed each and every one of the defendant registrars then and there to appear and bring with them the registration books of the several precincts of the city of Raleigh in the hands of the several defendant registrars; and having heard the complaint, reply and the affidavits of the plaintiffs and the affidavits and answer of the defendants, and the court being of the opinion that the matters and things in controversy were largely ones of law, but found as a fact:

That the registration books for said primary election do not close until midnight 13 April, 1929, and that the registration books complained of are open for challenge against any voters whose names appear thereon that may not be properly or legally registered, and that such remedy is open to the complainants or any other interested persons; and it further appearing to the court that only one other day is now open for registration of voters, as provided in the charter of the city of Raleigh; and the court being of the opinion that it is not proper or necessary to continue the restraining order heretofore made against the defendants prohibiting them from the matters and things set out in the original order;

And it further appearing to the court, and it being found as a fact, that the defendant commissioners have regularly and properly called said election, and have forthwith duly appointed registrars and provided them with proper books for the registration of voters, and have properly advertised the said election and done all other things required

of them by law; and the court being of the opinion that having done these things that the prayer of the complaint asking for mandamus to compel them to order a new registration and other things contained therein, are not proper or necessary in view of what has already been done; and the court being of the further opinion that to now interfere with the registration and election about to be held would be against the public interest, and would work great confusion in holding the election; and the court further being of the opinion that the plaintiffs have an adequate remedy at law:

It is therefore ordered, adjudged and decreed that the restraining order and injunction issued in the cause be, and the same is hereby dissolved, and the court further refuses and declines to grant the prayer for a mandamus to compel the commissioners of the city of Raleigh to provide for a new registration of the voters of said city."

From the foregoing judgment the plaintiffs appeal.

*W. F. Evans for plaintiffs.*
*Clifton Beckwith and William B. Jones for defendants.*

BROGDEN, J. The law provided for the regular city election on the first Monday in May, 1927. It was conceded in the oral argument that the election was held and the defendants, commissioners, were elected. The injury complained of has thus become accomplished and completed. Hence, the appeal presents, in its final analysis, only a moot or abstract question. The uniform rule adopted by this Court is to the general effect that such questions will not be considered. *Wikel v. Board of Commissioners,* 120 N. C., 451, 27 S. E., 117; *Pickler v. Board of Education,* 149 N. C., 221, 62 S. E., 902; *Little v. Lenoir,* 151 N. C., 415, 66 S. E., 337; *Wallace v. Wilkesboro,* 151 N. C., 614, 66 S. E., 657; *Moore v. Monument Co.,* 166 N. C., 211, 81 S. E., 170. Furthermore, if the registration is declared to be void, such ruling, under the circumstances of the case, would, in effect, be equivalent to an action to try title to office. This cannot be done by mandamus. *Ellison v. Raleigh,* 89 N. C., 125; *Markham v. Simpson,* 175 N. C., 135, 95 S. E., 106; *Johnston v. Board of Elections,* 172 N. C., 162, 90 S. E., 143.

There is no allegation or finding of fact by the trial judge as to the number of qualified voters or as to the number placed upon the registration books by means of the methods complained of; nor is there allegation or finding that persons so registered were not qualified voters of the city of Raleigh, and that the irregularities complained of would have affected the result of the election. *Hill v. Skinner,* 169 N. C., 405, 86 S. E., 351. The fact that a person was registered by a third person with whom the registrar had left the book does not necessarily work a

disqualification (*Quinn v. Lattimore*, 120 N. C., 426, 26 S. E., 638); nor does a failure to administer an oath to voters applying for registration result in a forfeiture of the right to vote. This principle was declared in *Gibson v. Commissioners*, 163 N. C., 510, 79 S. E., 976, as follows: "A constitutional or statutory provision that no one shall be entitled to register without first taking an oath to support the Constitution of the State and that of the United States is directed to the registrars, and to them alone; and if they, through inadvertence, register a qualified voter, who is entitled to register and vote without administering the prescribed oath to him, he cannot be deprived of his right to vote through this negligence of the officers."

The trial judge, after hearing the matter upon its merits, found as a fact that the election was properly called, registrars duly appointed, proper books for the registration of voters provided, and that the officers have "done all other things required of them by law." There was evidence to support this finding.

Moreover, the plaintiff had an adequate remedy at law. The charter of the city of Raleigh, Article VIII, provides that every person who shall vote in the city primary "shall be subject to the challenge made by any resident of the city of Raleigh under such rules as may be prescribed by the board of commissioners, and such challenge shall be passed upon by the judges of elections and registrars," etc. The general election law provides the same remedy in C. S., 5972.

Upon the whole record, we are of the opinion that the judgment rendered must be upheld.

Affirmed.