■ In the Matter of EUGENE J. DONLON, Respondent, v GEORGE SCARINGE et al., Constituting the Board of Elections of the County of Albany, Respondents, and JOHN J. JULIAN et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, dated October 24, 1979 in Albany County, which granted petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, seeking to declare invalid the independent nominating petitions nominating appellants as candidates of the Responsive Government Party for the offices of Mayor and Councilman of the City of Watervliet in the November 6, 1979 general election. The members of the committee to fill vacancies appointed by the petitions at issue herein all reside in the City of Albany and, therefore, do not reside in the political unit of candidates being nominated by the petitions as required by section 6-140 of the Election Law. Accordingly, the judgment granting petitioner's application to declare the petitions invalid, must be affirmed (see *Matter of Dolan v Platt,* 72 AD2d 647). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.

■ In the *Matter of* MARY J. TOBIN et al., Appellants, v STEPHEN MAY et al., Constituting the New York State Board of Elections, Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered October 24, 1979 in Albany County, which denied petitioners' application, in a proceeding pursuant to section 16-102 of the Election Law, seeking to declare valid the certificate of nomination nominating petitioner Balio as a candidate of the Right to Life Party for the office of Justice of the Supreme Court in the Fifth Judicial District in the November 6, 1979 general election. The certificate of nomination at issue herein was personally delivered to the Oneida County Board of Elections on September 17, 1979. Pursuant to section 6-144 of the Election Law, the certificate was required to be filed in the office of the State Board of Elections and, accordingly, the Oneida County Board of Elections, under letter dated September 21, 1979, forwarded the certificate to the State board. Upon receipt, the State board rejected the certificate as untimely, pursuant to subdivision 6 of section 6-158 of the Election Law, which required filing of the certificate on or before September 18, 1979. Special Term held that the board properly rejected the certificate as untimely and we agree. Failure to comply with the time limitations for filing "shall be a fatal defect" (Election Law, § 1-106, subd 2). These time limitations are mandatory and the judiciary may not fashion exceptions, however reasonable they might be made to appear *(Matter of Baker v Monahan,* 42 NY2d 1074; *Matter of Carr v New York State Bd. of Elections,* 40 NY2d 556). Petitioners contend that since the purported filing of the certificate with the wrong office was accomplished within the time limits, the certificate should be deemed timely filed when received in the proper office. While such an argument has a certain appeal in logic, it is in direct conflict with the afore-mentioned principle requiring strict adherence to the time limitations for filing and, accordingly, must be rejected (cf. *Matter of Seward v Reardon,* 72 AD2d 645). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.