BILL O'DONAGHUE, Petitioner-Appellant, v. THE COOK COUNTY OFFICERS ELECTORAL BOARD, Respondents-Appellees (Stephanie A. Leathers, Objector).

First District (2nd Division)   No. 1—98—0438

Opinion filed March 10, 1998.

Fioretti & Des Jardins, Ltd., of Chicago (James P. Nally, of counsel), for appellant.

Richard K. Means, of Chicago, for objector.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

This case involves construction of article 4A of the Illinois Governmental Ethics Act (the Act) (5 ILCS 420/4A—101 *et seq.* (West 1996)). Petitioner, Bill O'Donaghue, filed papers to run as a candidate for the Democratic Party nomination for the office of member of the Cook County Board of Commissioners for the tenth district. He filed a "Statement of Economic Interests" with the Secretary of State. Stephanie Leathers objected to the papers on grounds that petitioner filed the wrong form in the wrong office. The Cook County Officers Electoral Board (Electoral Board) declared the nomination papers invalid and kept petitioner's name off the ballot.

Petitioner sought judicial review. He appeals from the trial court's judgment affirming the decision of the Electoral Board. We entered our order affirming the trial court on February 18, 1998. We now explain our reasons for that decision.

■ The General Assembly enacted article 4A of the Act in fulfillment of the purposes expressed in article XIII, section 2, of the Illinois Constitution of 1970. Ill. Const. 1970, art. XIII, § 2. That section provides:

"All candidates for or holders of state offices and all members of a Commission or Board created by this Constitution shall file a verified statement of their economic interests, as provided by law. The General Assembly by law may impose a similar requirement upon candidates for, or holders of, offices in units of local government and school districts." Ill. Const. 1970, art. XIII, § 2.

The section sharply distinguishes "[a]ll *** state offices and all members of a Commission or Board created by this Constitution" from "offices in units of local government." Ill. Const. 1970, art. XIII, § 2. For the former group, the constitution itself imposes a filing requirement; for the latter group, the constitution only permits the General Assembly to impose a similar requirement. See *Stein v. Howlett*, 52 Ill. 2d 570, 578-79, 289 N.E.2d 409 (1972). The constitution defines "[u]nits of local government" to include counties (Ill. Const. 1970, art. VII, § 1) and expressly acknowledges members of county boards as holders of offices in units of local government (Ill. Const. 1970, art. VII, § 3).

In article 4A of the Act, the General Assembly both clarified the filing requirements for state officers constitutionally required to file economic interest statements and enacted filing requirements for local officers as permitted by the second sentence of the constitution's article XIII, section 2. Mirroring the constitutional language, the Act states:

"The following persons shall file verified written statements of economic interests, as provided in this Article:

* * *

(c) Members of a Commission or Board created by the Illinois Constitution, and candidates for nomination or election to such Commission or Board.

* * *

(g) Persons who are elected to office in a unit of local government, and candidates for nomination or election to that office, including regional superintendents of school districts." 5 ILCS 420/4A—101 (West 1996).

The Act adopts the constitution's definition of "[u]nit of local government." 5 ILCS 420/1—120 (West 1996).

■ Section 4A—102 of the Act establishes distinct requirements for filings by persons required to file under subsection (c) and those required to file under subsection (g). Persons seeking state offices, including those described in subsection (c), must list ownership in, or positions with, any legal entity doing business in the state. Persons seeking local offices, including those described in subsection (g), must list ownership in, or positions with, any entity doing business with the unit of local government. 5 ILCS 420/4A—102 (West 1996); see *Stein*, 52 Ill. 2d at 579. Section 4A—103 presents the form persons seeking state offices must file, and section 4A—104 presents the form for persons seeking local offices. 5 ILCS 420/4A—103, 4A—104 (West 1996). According to section 4A—106:

"The statements of economic interests required of persons listed in items (a) through (f) and item (j) of Section 4A—101 shall be filed with the Secretary of State. The statements of economic interests required of persons listed in items (g), (h), (i), (k), and (*l*) of Section 4A—101 shall be filed with the county clerk of the county in which the principal office of the unit of local government with which the person is associated is located." 5 ILCS 420/4A—106 (West 1996).

■ Here, petitioner filed papers as a candidate for nomination to the office of member of the Cook County Board of Commissioners. The constitution expressly defines membership in a county board as an office in a unit of local government. Ill. Const. 1970, art. VII, §§ 1, 3. Therefore, section 4A—106 required petitioner to meet the explicit requirements for filings by persons included under section 4A—101(g).

Petitioner contends that section 4A—101(g) does not apply because members of the Cook County Board of Commissioners are not officers "in a unit of local government." He relies on *Winokur v. Rosewell*, 83 Ill. 2d 92, 414 N.E.2d 724 (1980). There incumbent board

members voted themselves a salary increase after they had been reelected but before the new term began. Taxpayers argued that the raise violated article VII, section 9(b), of the Illinois Constitution of 1970, which provided that any pay raises for officers of local government would not take effect during the term for which the officer is elected. Our supreme court held that the constitution did not purport to change the established practice of setting compensation for a new term after election but before commencement of the new term. *Winokur*, 83 Ill. 2d at 100-01. Therefore the court found that the pay raises did not violate the constitution.

*Winokur* provides no support for petitioner's position. The court treated the Cook County board like any other county board, with no reliance on legislation or constitutional provisions specially pertaining to Cook County. The case effectively confirms that article VII includes Cook County as a unit of local government and members of the county board as officers in such a unit. Section 4A—101(g) applies to the office petitioner seeks. Petitioner needed to file the form in section 4A—104 with the county clerk. 5 ILCS 420/4A—102, 4A—106 (West 1996).

Instead petitioner filed the form in section 4A—103 with the Secretary of State. Petitioner argues that the Act requires such filing because the constitution's article VII "created" the county board and therefore candidates for membership on the board must meet the requirements of section 4A—101(c), including the filing of the form in section 4A—103 with the Secretary of State. 5 ILCS 420/4A—102, 4A—106 (West 1996).

Article XIII of the constitution limits the meaning of "offices *** created by this Constitution" and distinguishes such offices from "offices in units of local government." Ill. Const. 1970, art. XIII, § 2. Article VII establishes members of county boards as officers in units of local government. The Act adopts the constitution's definition of the offices. The office petitioner seeks is not an office created by the constitution within the meaning of the constitution or the Act.

■ Finally, petitioner argues that the Electoral Board exceeded its jurisdiction when it determined that he filed the wrong form for the economic interests statement. In *Troutman v. Keys*, 156 Ill. App. 3d 247, 509 N.E.2d 453 (1987), the trial court enjoined the Electoral Board from placing a candidate's name on the ballot, because the court found the candidate made false statements in the form concerning economic interests. The parties agreed that the Electoral Board lacked authority to review the content of the statement of economic interests. The Illinois Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 1—1 *et seq.*) required the candidate to file the interests statement

with one office and the nomination papers, with a receipt for the ethics statement, in a separate office. *Troutman*, 156 Ill. App. 3d at 251. The Electoral Board could not review the content of the interests statement because the reviewable nomination papers included only the receipt, not the statement. See *Welch v. Johnson*, 147 Ill. 2d 40, 46, 588 N.E.2d 1119 (1992).

Here, however, both the nomination papers and the statement of economic interests must be filed in the same office. Petitioner, by filing the nomination papers with the county clerk, effectively admitted that the clerk's office is the proper place for filing those papers. Section 4A—106 mandates filing of the statement of economic interests with the same office. Thus, in this case, the nomination papers must include the statement itself, and not a receipt from a different office. 10 ILCS 5/10—5 (West 1996). Under the reasoning of *Troutman* and *Welch*, the Electoral Board may review the statement, at least to assure that the candidate has filed the proper form.

The Electoral Board did not exceed its jurisdiction by looking at petitioner's filings to determine that he filed the incorrect form in the improper office. The finding justified the board's decision not to include petitioner's name on the ballot. *Havens v. Miller*, 102 Ill. App. 3d 558, 567-68, 429 N.E.2d 1292 (1981).

Section 4A—106 of the Act unambiguously requires, for the local office petitioner seeks, filing of the statement of economic interests as shown in section 4A—104 with the county clerk. The Electoral Board correctly exercised its jurisdiction to find that petitioner filed the wrong form with the wrong office. Accordingly, we affirm the trial court's judgment affirming the board's decision.

Affirmed.

RAKOWSKI and COUSINS, JJ., concur.