Brian SMITH, Petitioner,

v.

Mary KIFFMEYER, in her official capacity as Secretary of State, Respondent,

Jill Alverson, in her official capacity as Hennepin County Auditor, Respondent.

No. A06–1527.

Supreme Court of Minnesota.

Sept. 28, 2006.

Michael B. Padden, Padden & Associates, P.L.L.C., David Schultz, Hamline University Graduate School of Management, St. Paul, MN, for Appellant.

Mike Hatch, Attorney General, Christie B. Eller, Assistant Attorney General, Greg P. Huwe, Assistant Attorney General, St. Paul, MN, Robert M.A. Johnson, Anoka County Attorney, Kristin C. Larson, Assistant Anoka County Attorney, Anoka, MN, for Respondent.

## OPINION

PER CURIAM.

In this case we are asked to decide whether a candidate who files an affidavit of candidacy with the wrong election official is entitled to have his or her name placed on the primary election ballot. We conclude that when a candidate fails to file an affidavit of candidacy in the proper place before the filing deadline, the affidavit is ineffectual.

Brian Smith filed a petition, pursuant to Minn.Stat. § 204B.44(d) (2004), asking this court to direct that his name be placed on the ballot for the September 12, 2006, state primary election. By order of August 22, 2006, we denied the petition and stated that a written opinion would follow.

The facts are undisputed. On the afternoon of July 18, 2006, the last day of filing, Smith went to the secretary of state's office to file as an Independence Party candidate for legislative House District 58B. Smith completed an affidavit of candidacy and submitted it along with the filing fee at about 3:30 p.m. After Smith left, employees in the secretary of state's office discovered that Smith had filed with the wrong election official. House District 58B is located entirely within Hennepin County, and by statute, affidavits and petitions for an office to be voted on in only one county are to be filed with the county auditor. Minn.Stat. § 204B.09, subd. 1(d) (2004). The only contact information Smith had provided with his petition was his campaign website, and efforts to obtain a telephone number for him were unsuccessful. At about 4:30 p.m. personnel in the secretary of state's office sent an e-

mail to the electronic address listed on the website. The e-mail was entitled "URGENT—FILED IN WRONG PLACE" and had the following message: "YOU NEED TO FILE IN HENNEPIN COUNTY BY 5PM TODAY."

The following day, the secretary of state delivered Smith's affidavit and filing fee to the Hennepin County Auditor. A representative of the auditor subsequently informed Smith that the auditor's office could not accept his affidavit of candidacy because it had not received the affidavit before the close of filing. Smith's affidavit and filing fee were returned to the secretary of state, who returned the fee to Smith.

■ Minnesota Statutes § 204B.09, subd. 1(d) (2004) provides:

Affidavits and petitions for offices to be voted on in only one county shall be filed with the county auditor of that county. Affidavits and petitions for offices to be voted on in more than one county shall be filed with the secretary of state.

Subdivision 1(c) states: "No affidavit or petition shall be accepted later than 5:00 p.m. on the last day for filing." Minn.Stat. § 204B.09, subd. 1(c) (2004). The county auditor is responsible for placing on the state primary ballot the name of each candidate "who has properly filed an affidavit of candidacy with the auditor" and of each candidate certified by the secretary of state. Minn.Stat. § 204D.07, subd. 1 (2004). The secretary of state certifies to the county auditors the names of candidates "who have properly filed affidavits of candidacy with the secretary of state." Minn.Stat. § 204D.06 (2004). It is clear from section 204B.09, subdivision 1, and our case law that for an affidavit of candidacy to be "properly filed," it must be both filed before the deadline and filed with the appropriate election official.

More than 80 years ago this court held that the statutory deadline for filing an affidavit of candidacy is mandatory, and an affidavit of candidacy filed after expiration of the filing period "is ineffectual for any purpose." *State ex rel. O'Hearn v. Erickson*, 152 Minn. 349, 349, 351, 188 N.W. 736, 736–37 (1922). The date of filing is the date the affidavit is received in the proper official's office. Id. at 350, 188 N.W. at 736. Thus, we have twice held that depositing an affidavit of candidacy in the mail within the filing period does not constitute filing within the meaning of the statute when it does not reach the proper office until after the deadline has passed. *Harris v. Donovan*, 269 Minn. 574, 129 N.W.2d 797 (1964); *O'Hearn*, 152 Minn. at 350, 188 N.W. at 736.

■ Like the statutory filing deadline, the requirement of Minn.Stat. § 204B.09, subd. 1, that an affidavit of candidacy "shall be filed with" a particular election official is mandatory. *See* Minn.Stat. § 645.44, subd. 16 (2004) (providing that "shall" is mandatory). We agree with the reasoning of the Wisconsin Supreme Court, which held:

The time and place of filing nomination papers cannot be separated. In order to be timely, the papers must be filed in the proper place. If the papers are initially filed in the wrong place, the error must be corrected and the papers filed in the right place within the filing deadline. * * * [W]e view [the statute] governing the time of filing and [the statute] governing the place of filing nomination papers * * * to be mandatory. Failure to timely file the papers in the proper place prevents the candidate's name from being placed on the ballot.

*State ex rel. Ahlgrimm v. State Elections Bd.*, 82 Wis.2d 585, 263 N.W.2d 152, 157

(1978). *Accord Tobin v. May*, 72 A.D.2d 648, 421 N.Y.S.2d 441, 441–42 (1979); *State v. Jensen*, 662 N.W.2d 643, 649 (S.D. 2003) (quoting *Ahlgrimm* );. *See also O'Donaghue v. Cook County Officers Electoral Bd.*, 295 Ill.App.3d 493, 229 Ill.Dec. 781, 692 N.E.2d 770, 773 (1998) (holding that candidate was properly excluded from primary ballot for failure to timely file statement of economic interest with proper official).

Smith acknowledges that he mistakenly believed he was to file for office with the secretary of state but argues that when he submitted his affidavit, the secretary of state should have ensured that he was filing it with the proper election official. Alternatively, Smith contends that when the error was discovered after he left, either (1) the secretary of state could have forwarded his affidavit to the Hennepin County Auditor, electronically or by courier, or (2) the auditor could have accepted the filing in the secretary of state's office as timely so long as it reached the auditor within a short time.

Minnesota Statutes § 204B.44(d) only provides a remedy, however, for a "wrongful act, omission, or error" of an election official. We have held that in enacting the statute:

> [T]he legislature intended to protect potential candidates for public office from the errors and omissions of those enumerated persons charged with properly completing the procedural and mechanical duties attendant to the election process. Nowhere, either expressly or by implication, does it appear that the legislature contemplated the use of this remedy to correct errors or omissions resulting only from the candidate's inadvertence during the filing procedure.

*Schroeder v. Johnson*, 311 Minn. 144, 145, 252 N.W.2d 851, 852 (1976) (denying relief when auditor withheld from primary ballot name of candidate who inadvertently designated wrong legislative district on affidavit of candidacy). *See also O'Hearn*, 152 Minn. at 351, 188 N.W. at 737 (distinguishing between duties imposed upon election officials and "acts made necessary to initiate a valid candidacy for office"). We have also said that state election laws do not authorize or require the secretary of state to police the form of names to appear on election ballots. *Clifford v. Hoppe*, 357 N.W.2d 98, 100 n. 3 (Minn.1984).

■■■ The statutes prescribing the duties of the secretary of state concerning affidavits of candidacy do not include ensuring that the affidavit is filed with the proper election official. Minn.Stat. §§ 204B.10; 204D.06 (2004). Minnesota Statutes § 204B.03 (2004) makes it the obligation of the candidate to file an affidavit of candidacy, and it follows that as with the obligation to timely file, it is the candidate's obligation to file the affidavit with the proper official as prescribed by section 204B.09, subdivision 1(d). Smith makes no claim that he was actively misinformed or misled by the secretary of state as to where to file his affidavit of candidacy.[1] With respect to Smith's alternative argument, there is no statutory authority to support his claim that the secretary of state is an agent of the Hennepin County Auditor for the purpose of accepting affidavits of candidacy that are required to be filed with the auditor. *See Ahlgrimm*, 263 N.W.2d at 157 (rejecting similar claim).

■■■ We conclude that a candidate's failure to file an affidavit of candidacy with the proper election official before the filing deadline prevents the candidate's name from being placed on the primary election

---

1. We note that a brochure issued by the Secretary of State's Office regarding filing for office recites the place of filing as provided by Minn.Stat. § 204B.09, subd. 1(d).

ballot. Therefore, we hold that petitioner Brian Smith is not entitled to have his name placed on the primary election ballot for House District 58B.

Petition denied.