In re Petition of Jesse PFLIGER to Correct Omission Regarding Candidate Filing for Minnesota State Senate.

No. A12–1014.

Supreme Court of Minnesota.

Aug. 22, 2012.

Jesse Pfliger, Minneapolis, Minnesota, pro se.

Lori Swanson, Attorney General, Nathan J. Hartshorn, Assistant Attorney General, Saint Paul, MN, for respondent Secretary of State Mark Ritchie.

## OPINION

PER CURIAM.

On June 5, 2012, the last day of the filing period for elective office, petitioner Jesse Pfliger filed with the Secretary of State's office an affidavit of candidacy as the Republican candidate for Minnesota State Senate, District 61. Minnesota Statutes § 204B.06, subd. 1b (2010), requires, among other things, that an affidavit of candidacy include "a telephone number where the candidate can be contacted." *Id.,* subd. 1b(a). Pfliger's affidavit of candidacy did not include the required telephone number. After the Secretary of State's office notified Pfliger that his affidavit had been rejected, Pfliger filed a petition with our court under Minn.Stat. § 204B.44 (2010), seeking an order requir-

ing the Secretary of State to place Pfliger's name on the 2012 general election ballot as a candidate for Minnesota State Senate, District 61. Because we conclude that the Secretary of State properly rejected Pfliger's affidavit of candidacy, we deny the petition.

The plain language of Minn.Stat. § 204B.06, subd. 1b(a) requires that each affidavit of candidacy include a contact telephone number. Pfliger does not dispute that his affidavit did not contain a contact number. He also does not argue that he was unable to provide a contact telephone number. Rather, he contends that his failure to comply with the statute was inadvertent. We have rejected the use of Minn.Stat. § 204B.44 "to correct errors or omissions resulting only from the candidate's inadvertence during the filing procedure." *Schroeder v. Johnson*, 311 Minn. 144, 145, 252 N.W.2d 851, 852 (1976). Similarly, Pfliger is not entitled to relief under section 204B.44 to correct his own error.

■ But Pfliger contends that the error was not his alone, and that as part of its process for accepting filings from candidates the Secretary of State's office should identify "critical and obvious omissions on affidavits of candidacy" and give prospective candidates the opportunity to correct them before the affidavits are filed. The duties of election officials with respect to affidavits of candidacy are provided by Minn.Stat. § 204B.10 (2010). Those duties include numbering the affidavits of candidacy in the order received and notifying the candidate if use of the candidate's name as written on the affidavit of candidacy would violate Minn.Stat. § 204B.35, subd. 2 (2010). *See* Minn.Stat. § 204B.10, subds. 1, 5. Nothing in section 204B.10 requires an election official to review an affidavit of candidacy for completeness.

■ Pfliger further suggests that the Secretary of State is estopped from rejecting his affidavit of candidacy because an administrator in the Secretary of State's office allegedly told him the affidavit of candidacy was complete despite the missing telephone number (an allegation the Secretary of State denies). But the statutory requirement that an affidavit of candidacy include a telephone number at which the candidate may be contacted is clear. Minn.Stat. § 204B.06, subd. 1b(a). In addition, the affidavit of candidacy itself states that a telephone number is required. Even if Pfliger was told that his affidavit was complete without a telephone number, his reliance on that representation was not reasonable. *See City of North Oaks v. Sarpal*, 797 N.W.2d 18, 25 (Minn.2011) (noting that a claim of equitable estoppel against a governmental entity requires, among other things, wrongful conduct on the part of an authorized government agent and reasonable reliance on that wrongful conduct); *Paquin v. Mack*, 788 N.W.2d 899, 906 (Minn.2010) ("The Secretary of State's office has no authority to change state law.").

■ Finally, Pfliger contends that he has substantially complied with the statutory requirements for filing for office, and that substantial compliance with the statutory requirements is sufficient. Election officials' substantial compliance with statutory requirements has been held sufficient in the context of a challenge to election results. *See, e.g., In re Application of Andersen*, 264 Minn. 257, 267, 119 N.W.2d 1, 8 (1962) (noting that "[a]s long as there is substantial compliance with our laws and no showing of fraud or bad faith, the true result of an election, *once ascertained*, ought not be defeated by an innocent failure to comply strictly with the statute.") (emphasis added). But for individuals attempting to file for elective office, we re-

quire strict compliance with the statutory requirements. *See, e.g., Idusogie v. Kiffmeyer,* 721 N.W.2d 283, 286 (Minn.2006) (affirming the rejection of nominating petitions for lack of the required number of signatures and barring candidate from adding signatures gathered after the filing deadline); *Smith v. Kiffmeyer,* 721 N.W.2d 912, 915–16 (Minn.2006) (affirming the rejection of an affidavit of candidacy timely filed but filed with the wrong election official); *Fetsch v. Holm,* 236 Minn. 158, 162–63, 52 N.W.2d 113, 115 (1952) (affirming the rejection of a nominating petition as "fatally defective" because it lacked the required oath); *State ex rel. O'Hearn v. Erickson,* 152 Minn. 349, 351, 188 N.W. 736, 737 (1922) (affirming the rejection of an affidavit of candidacy filed one day late).

Because Pfliger failed to comply with the statutory requirements for filing to run for elective office, we deny his petition.

Petition denied.