# Illinois Official Reports

## Appellate Court

---

*Ferrand v. City of Chicago Board of Election Commissioners*,
2014 IL App (1st) 140225

---

| | |
|---|---|
| Appellate Court Caption | MELANIE "MEL" FERRAND, Plaintiff-Appellant, v. THE CITY OF CHICAGO BOARD OF ELECTION COMMISSIONERS, LANGDON D. NEAL, Chairman, RICHARD A. COHEN, Member, MARISEL A. HERNANDEZ, Member, and MARISA N. BROWN and JOHN W. PARIZEK, Objectors, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-14-0225 |
| Filed | February 13, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court affirmed the decision of the Chicago Board of Election Commissioners' upholding objections to plaintiff's nominating papers as a candidate for the office of a Representative in the Illinois General Assembly based on her failure to file a statement of economic interests with the Secretary of State, notwithstanding her contention that she substantially complied with the requirements of the Illinois Constitution, the Ethics Act and the Election Code when she filed a form intended for candidates for local offices with the county clerk and after the deadline for filing the proper state form had passed, she did file the state form with the Secretary of State, since noncompliance with the mandatory and unambiguous requirements of the Constitution, the Act, and the Election Code cannot be excused by "substantial compliance." |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2014-COEL-000001; the Hon. David A. Skryd, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Jacob J. Meister & Associates (Jacob J. Meister and Edward Mullen, of counsel), and Law Office of Scott Erdman, P.C. (Scott Erdman, of counsel), both of Chicago, and Law Offices of Thomas V. Leverso, of South Barrington (Thomas V. Leverso, of counsel), for appellant. |
| | Adducci, Dorf, Lehner, Mitchell & Blankenship, P.C., of Chicago (Michael C. Dorf and James D. Adducci, of counsel), for appellees Marisa N. Brown and John W. Parizek. |
| | James M. Scanlon & Associates, P.C., of Chicago (James M. Scanlon, of counsel), for other appellees. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion. Justices Hyman and Pucinski concurred in the judgment and opinion. |

**OPINION**

¶ 1 Appellant, Melanie "Mel" Ferrand (Ferrand), is a candidate for the office of Representative in the Illinois General Assembly for the 40th Representative District. Ferrand seeks review of a decision of defendant-appellee, the City of Chicago Board of Election Commissioners (Board), which sustained objections to her nominating papers based on her failure to file with the Secretary of State a statement of economic interests required of candidates for state office. The Board's decision was affirmed by the circuit court. For the reasons that follow, we affirm.

¶ 2 On November 25, 2013, Ferrand filed her nominating petitions with the State Board of Elections. The deadline for filing nominating petitions for the March 18, 2014 primary election was December 2, 2013.

¶ 3 Prior to filing her nominating papers, Ferrand filed with the Cook County clerk a statement of economic interests form designed for candidates for local, as opposed to state, office (the Local Form). A receipt generated by the Cook County clerk showing the date the Local Form was filed was included in Ferrand's filing with the State Board of Elections.

¶ 4 After objections to Ferrand's nominating papers were filed, Ferrand filed what she labeled an "amended" statement of economic interests, on the correct form for candidates for state office, with the Secretary of State (the State Form). The correct State Form was not filed with

the Secretary of State until December 16, 2013, after the filing deadline. Ferrand never filed with the State Board of Elections a receipt from the Secretary of State.

¶ 5 Aggrieved parties may obtain judicial review of decisions of the Board under section 10-10.1 of the Election Code. 10 ILCS 5/10-10.1 (West 2012). An electoral board is considered an administrative agency, and although the Election Code does not specifically adopt the procedure provided under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2012)), for all practical purposes, it is the same. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 209-10 (2008). On appeal from a circuit court order affirming a decision of the Board, we review the decision of the Board, not the circuit court. *Id.* at 212. In addition, the standards of review under the Administrative Review Law apply. *Id.* at 210-12. The parties here agree that because the Board's decision involves a question of law, we should review that decision *de novo. Id.* at 210.

¶ 6 Article XIII, section 2, of the Illinois Constitution requires state officers and all candidates for state office to file a "verified statement of their economic interests, as provided by law." Ill. Const. 1970, art. XIII, § 2. Required statements of economic interests must be filed with the Secretary of State and failure to file within the prescribed time "shall result in ineligibility for, or forfeiture of, office." *Id.* Pursuant to the permissive language of this same section, the General Assembly may impose a similar requirement upon candidates for offices in units of local government. *Id.* The Illinois Constitution further defines counties as units of local government. Ill. Const. 1970, art. VII, § 1.

¶ 7 In the Illinois Governmental Ethics Act (5 ILCS 420/4A-101 *et seq.* (West 2012)) (the Act), "the General Assembly both clarified the filing requirements for state officers constitutionally required to file economic interest statements and enacted filing requirements for local officers as permitted by *** article XIII, section 2." *O'Donaghue v. Cook County Officers Electoral Board*, 295 Ill. App. 3d 493, 495 (1998). The disclosures required on the State and Local Forms are not identical. The State Form requires the state officer or candidate for state office, as the case may be, to disclose ownership interest in, or positions with, any legal entity doing business in the state. 5 ILCS 420/4A-103 (West 2012). In contrast, the Local Form requires disclosure by the local officer or candidate of any ownership in, or position with, any entity doing business with the unit of local government. 5 ILCS 420/4A-104 (West 2012).

¶ 8 The disposition of this appeal is controlled by this court's decision in *O'Donaghue*, which involved the inverse of the circumstances presented here. In *O'Donaghue*, petitioner, a candidate for local office (a position on the Cook County Board of Commissioners), filed with the Secretary of State the State Form required of candidates for state office. After objections to his nominating papers were sustained by the Cook County Officers Electoral Board and upheld by the trial court, he appealed. *O'Donaghue*, 295 Ill. App. 3d at 495. After first determining that the office sought by the petitioner was not an office created by the constitution and that he was therefore required to file the Local Form, this court held:

> "Section 4A-106 of the Act unambiguously requires, for the local office petitioner seeks, filing of the statement of economic interests as shown in section 4A-104 with the county clerk. The Electoral Board correctly exercised its jurisdiction to find that petitioner filed the wrong form with the wrong office." *Id.* at 498.

The court thus upheld the electoral board's order declaring petitioner's nominating papers invalid and that his name should not appear on the ballot.

¶ 9    Here, the fact that Ferrand, a candidate for state office, filed the wrong disclosure form (the Local Form) in the wrong office (the Cook County clerk) compels the same result. As a candidate for the General Assembly, a constitutional office, Ferrand was clearly required to file the State Form with the Secretary of State by December 2, 2013. This she failed to do. She cites no authority for her attempt to file an "amended" State Form after the filing deadline or to have her belatedly filed State Form "relate back" to the filing of the incorrect form on November 25, 2013. Prior to December 2, 2013, no State Form had been filed by Ferrand and, therefore, there was nothing to amend. According to the dictates of the Illinois Constitution, the mandatory outcome of her failure to comply with article XIII, section 2, is "ineligibility" for office. Ill. Const. 1970, art. XIII, § 2.

¶ 10   Ferrand contends that we should recognize her "substantial compliance" with the requirements of the Illinois Constitution, the Act and article 8 of the Illinois Election Code (10 ILCS 5/8-1 *et seq.* (West 2012)). No case recognizes a "substantial compliance" exception to the requirements of the constitution and, under the circumstances of this case, there is no basis to do so. The Local Form filed by Ferrand disclosed nothing of relevance to her candidacy for state office, a matter that, as contended by objectors, goes to the heart of the integrity of the electoral process. The Act is also unambiguous in its requirements for candidates for state office. 5 ILCS 420/4A-103 (West 2012). Finally, article 8 of the Election Code specifically governs the nomination of candidates for the General Assembly and provides that the nomination of all candidates for the General Assembly shall be in the manner provided "in this article 8 *and not otherwise*." (Emphasis added.) 10 ILCS 5/8-1 (West 2012). Section 8-8 of the Election Code further provides that the receipt issued by the Secretary of State "must" be filed with the petitions for nomination. 10 ILCS 5/8-8 (West 2012). If the candidate fails to file a statement of economic interests with the appropriate officer by the end of the period for filing nominating papers, the Election Code provides that the nomination papers "are not valid." 10 ILCS 5/7-12(8) (West 2012). In order to accept Ferrand's position, we would not only have to excuse her noncompliance with the constitution and the Act, but we would also necessarily have to override the legislature's determination that her nominating papers are "not valid."

¶ 11   There is simply no room in the foregoing mandatory and unambiguous provisions to countenance "substantial compliance" with the constitution, the Act and the Election Code by a candidate for state office. For the foregoing reasons, we affirm the Board's determination that Ferrand's nominating papers are invalid.

¶ 12   Affirmed.