JOHN LIND v. HUGH R. SCOTT.[1]

October 31, 1902.

Nos. 13,355—(271).

**Official Ballot.**

The functions of the officer required by law to prepare the official ballot are purely ministerial, and he is not authorized to exercise his discretion in the selection of party names for candidates, or to determine which of two party names should be chosen as the most appropriate designation thereon.

**Party Name.**

Laws 1901, c. 312, applied to the facts, and *held*, that a candidate for congress of the former so-called "Social Democratic" party, which had changed its name to the "Socialist Party," is not entitled to have the abandoned title "Social Democratic" added to the name of such candidate on the official ballot of the Fifth congressional district at the election of 1902, upon the ground that such use would be an impairment of the authorized rights of the nominee of the "Democratic" party.

Order of the supreme court, issued upon the petition of John Lind, requiring respondent Hugh R. Scott, as auditor of Hennepin county, to correct the official ballot to be used at the general November, 1902, election by striking therefrom the word "Democrat" after the name of Spencer M. Holman, a candidate for congress from the Fifth congressional district, and to refrain from placing on said ballot after the name of said candidate the word "Democrat" or "Democratic," or to show cause to the contrary. Order made absolute.

*Andreas Ueland, A. B. Choate* and *Cohen, Atwater & Shaw,* for relator.

*F. H. Boardman,* County Attorney, *C. L. Smith* and *George B. Leonard,* for respondent.

LOVELY, J.

Petitioner is the Democratic candidate for congress in the Fifth congressional district. He has received his nomination under the

[1] Reported in 92 N. W. 96.

primary election law of 1899, and has been placed upon the sample ballot with his party name properly attached thereto.

Spencer M. Holman is the candidate upon a petition of electors of a political group previously known as the "Social Democratic Party," but whose party designation was changed at the last state convention of that organization held in July to "Socialist Party." In the petition of electors nominating Holman it is set forth that he has been selected by the Social Democratic party, and the respondent, the auditor of Hennepin county, is requested in the petition to place his name upon the official ballot with the political appellation "Socialist Party" attached thereto.

Respondent, in view, doubtless, of a previous decision of this court (Davidson v. Hanson, supra, page 211,) declined to attach to Holman's name as a candidate the term "Socialist," but, exercising his judgment and discretion in making choice of names between "Social Democratic" and "Socialist," adopted the former as the proper party designation for this candidate's place on the sample ballot, with the intention of printing the official ballot in that form.

This order is upon the respondent, as auditor of Hennepin county, who is charged with the duty of preparing the official congressional ballot in that district, to show cause why he should not refrain from attaching the words "Social Democrat" to the name of Holman thereon.

We have held that the petition of relator should be granted. Our reasons therefor may be briefly stated. It is the duty of the public officer preparing the official ballot for use at the polls to accept the party designation expressed by the promoters of his political organization to be expressed "in three words" (G. S. 1894, c. 1, §§ 27–30) either by the certificate of the secretary of a convention or by a certificate or petition of electors. His duties in this respect are purely ministerial. He is not authorized to create or adopt a name for a candidate, but to accept the name suggested in the nomination papers, which must be a proper one, and not infringe upon or impair the rights of any other political organization. Davidson v. Hanson, supra.

It appears that the respondent, although requested to apply the

designation "Socialist" to Holman as a congressional candidate, has declined to do so, but, upon his discretion, adds an abandoned designation thereto. Conceding that under our decision in Davidson v. Hanson, supra, the use of the party name "Socialist" was not authorized, it does not follow that the respondent had a right, upon declining to adopt that name, to apply an abandoned designation to the name of the candidate. He could not do this in the exercise of his discretion or judgment, and the only proper course for him to pursue is to omit from Holman's name any party appellation whatever.

But if it could be inferred from the petition nominating Holman that he was the nominee of the Social Democratic party, the use of the word "Democratic" or "Democrat" therein on the congressional ballot is in violation of Laws 1901, c. 312,—the party name protection act. It is insisted, however, that this act is prospective, and does not apply to parties having a previous existence. We are very clear that this is not the construction to be given to its terms. So far as it applies here it reads:

"A political party which has heretofore or shall hereafter adopt a party name shall alone be entitled to the use of such name for the designation of its candidates on the official ballot."

The words in the clause immediately following, relating to parties subsequently formed, are obviously intended, from excessive caution, to apply not only to old organizations, but to parties organized in the future. We shall take knowledge of the known existence of the Democratic party since 1826, and of the later organization of the Social Democratic party, and hold that the use of a name by a political party gives it, under the party name protection act, a privilege to continue in the use of such name without an infringement thereof which might mislead voters.

The order on the auditor was therefore made absolute.