STATE ex rel. C. O. ALEXIUS OLSON v. HUGH R. SCOTT and Others.[1]

October 13, 16, 1908.

Nos. 16,018—(254).

**Name on Official Ballot.**

A proceeding by petition and order to show cause, under section 202, R. L. 1905, is the proper proceeding to test the question whether members of the legislature which enacts a law increasing the compensation of senators and representatives are disqualified from becoming candidates for such office for the ensuing term.

**Compensation of Members of Legislature.**

Under section 7, art. 4, of the constitution: "The compensation of senators and representatives shall be three dollars per diem during the first session, but may afterwards be prescribed by law. But no increase of compensation shall be prescribed which shall take effect during the period for which the members of the existing house of representatives may have been elected" the legislature may, at any session, increase the compensation of its members, to take effect at the next ensuing term.

**Increase of Compensation.**

Section 9, art. 4, providing: "No senator or representative shall, during the time for which he is elected, hold any office under the authority of the United States or the state of Minnesota, except that of postmaster, and no senator or representative shall hold an office under the state which has been created or the emoluments of which have been increased during the session of the legislature of which he was a member, until one year after the expiration of his term of office in the legislature"— prohibits senators and representatives from holding any other office under

[1] Reported in 117 N. W. 845, 1044.

105 M.—33

the state or federal government, except that of postmaster, and the words "an office under the state," refer to other than the legislative offices of senator and representative.

**Same—At Succeeding Session.**

> The passage of chapter 229, Laws 1907, increasing the salary of the members does not disqualify members of the house of representatives of that session from being eligible as candidates to succeed themselves for the term commencing January 1, 1909.

Petition by a qualified elector within the Forty-Fourth election district, who received at the primary elections the third highest number of votes cast for candidates for election as representatives from that district, for an order directing the auditor of Hennepin county not to print the name of Alex McNeil, who at the same election received the second highest number of votes cast, upon the official ballot to be used at the general election on November 3, 1908, on the ground that McNeil was disqualified for and ineligible to the office because he was a representative from that district and a member of the legislature at the session of 1907, which passed an act increasing the compensation of senators and representatives.

An order to show cause having been made, the respondents answered and asserted that the relator was not authorized by law to maintain the proceeding and that the question of general ineligibility of candidates can be raised only by and in behalf of the state, and no action can be taken by, or on relation of, any individual except by permission of the court, after refusal of the attorney general to act. Order to show cause discharged.

*James A. Peterson* and *H. F. Woodard*, for relator.
*F. B. Wright* and *Albert E. Clarke*, for respondents.

On October 13, 1908, the following opinion was filed:

PER CURIAM.

This case was heard upon an order requiring the respondent Hugh R. Scott, as county auditor of the county of Hennepin, to show cause why he should not be prohibited from placing and printing the name of the respondent Alex McNeil upon the official ballot at the next general election as a candidate of the Republican party for the office of representative of the Forty-Fourth legislative district, and, further why he should not be directed to place the name of the relator, C. O

Alexius Olson, on such ballot as such candidate, on the ground that the respondent McNeil is not eligible to such office.

We have reached the conclusion that the respondent McNeil is eligible to such office. Therefore it is ordered that the order to show cause be, and it is hereby, discharged. An opinion setting forth the reasons for making this order will be filed in due time.

On October 16, 1908, the following opinion was filed:

LEWIS, J.

The relator filed his petition in this court requiring the county auditor of Hennepin county to show cause why the name of respondent McNeil should not be omitted from the official ballot as candidate for the office of representative from the Forty-Fourth legislative district. Respondent was elected member of the legislature in 1906 for the term expiring January 1, 1909, and was member of that body at the time the legislature passed the act which increased the salary of the members from $5 per diem to $500 per year. Chapter 229, p. 307, Laws 1907. Relator urges as the ground of his disqualification that respondent is prohibited by section 9, art. 4, of the constitution, from holding the legislative office for the succeeding term. Respondent, however, raises the question that this court is without jurisdiction in the premises, upon the ground that the legislature is the sole judge of the qualification of its members, and upon the further ground that the relator has no special interest in the question, and that proceedings of this character cannot be prosecuted, except upon the initiative of the attorney general.

It should be noted that there is a distinction between proceedings of this character which are brought under the provisions of section 202, R. L. 1905, and directed to errors or omissions which have occurred or are about to occur in placing a name upon the official ballot, and proceedings commenced for the purpose of contesting a nomination, as provided by the following section. In the latter case, in so far as section 203 attempts to confer original jurisdiction upon this court in election contests, it is unconstitutional, and such contests must first be determined by the district court. Lauritsen v. Seward, 99 Minn. 313, 109 N. W. 404; Whaley v. Bayer, 99 Minn. 397, 109 N. W. 596, 820. Under section 202 this court has original jurisdic-

tion to determine such question as is here presented, and this proceeding is in no sense an election contest, nor does it involve, in the proper sense, a consideration of the qualification of members of the legislature.   The public interest requires that there should be some speedy method of determining whether candidates for public office are legally entitled to have their names placed on the official ballot, and section 202 is intended to accomplish that purpose.   The petition states that relator received the next highest number of votes cast at the primary election, and the demand is that he be recognized as the legally nominated candidate, and that the county auditor be required to place his name on the official ballot.   The interest of relator as a candidate at the primary election was sufficient to enable him to commence this proceeding.   State v. Scott, 93 Minn. 205, 100 N. W. 1125.

Section 9, art. 4, of the constitution, reads as follows: "No senator or representative shall, during the time for which he is elected, hold any office under the authority of the United States or the state of Minnesota, except that of postmaster, and no senator or representative shall hold an office under the state which has been created or the emoluments of which have been increased during the session of the legislature of which he was a member, until one year after the expiration of his term of office in the legislature."   The whole argument of the relator is based upon the claim that the words "an office under the state" refer to and include the legislative office.   By referring to the constitutional debates it is apparent that the framers of the constitution were dealing with the question whether or not it was advisable to prevent members of the legislature from holding any other than the legislative office, which might be created by the legislature, or the emoluments of which might be increased during the session they were members, or within a year after the expiration of the term. An examination of the constitution of the United States, and of the various states, discloses the fact that the people never considered it advisable to prohibit members of the legislatures from re-election by reason of the fact that the emoluments of the legislative office had been increased during the preceding term.   In all of the constitutions some limitation is placed upon the power to hold other offices.   In many of them the prohibition is confined to appointment, leaving the members free to accept other offices by election.   Whether wise or not

to introduce the limitation now contended for, the question must be determined, if possible, by ascertaining the plain meaning of the language.

Considering the first part of the section by itself, it is perfectly clear that the office referred to is an office other than legislative: "No senator or representative shall, during the time for which he is elected, hold any office under the authority of the United States or the state of Minnesota, except that of postmaster." The very fact that an exception is made as to the office of postmaster indicates beyond any question that reference is made to civil offices, and not to the legislative office. When the two parts of the section are read together, the natural inference is that there was no intention to change the character of the office referred to, and that the words "an office under the state" refer to the same general class described in the first part of the section. But we are required to read section 7 in connection with section 9. Both sections were adopted at the same time, and, when considered together, all possible doubt is removed. Section 7 reads: "The compensation of senators and representatives shall be three dollars per diem during the first session, but may afterwards be prescribed by law. But no increase of compensation shall be prescribed which shall take effect during the period for which the members of the existing house of representatives may have been elected." This section clearly declares that the legislature is the sole judge of the compensation which the members shall receive, and the power is conferred upon it to increase the same at any time, with the single limitation that the increase cannot take effect during the period for which the members for the then existing house may have been elected. This means that the members of any legislature may increase their compensation, to take effect at the succeeding session. There is nothing in the provisions of section 9 in conflict with this power, and representatives for the term commencing January 1, 1909, are not prohibited from receiving the increased compensation provided by the legislature of 1907.

We so hold, and the order to show cause is discharged.