## ROBERT W. MATTSON v. LOU McKENNA AND ANOTHER.

222 N. W. 2d 273.

September 6, 1974—No. 45349.

*Robert W. Mattson,* pro se, for applicant.

*Thomas M. Quale,* for Ramsey County Auditor, and *Bruce L. Anderson,* for St. Louis County Auditor.

SHERAN, CHIEF JUSTICE.

This opinion is written and filed to confirm the order of this court made orally August 30, 1974, denying the application of petitioner, Robert W. Mattson, for an order altering the primary election ballots in Ramsey and St. Louis Counties. Petitioner invoked the original jurisdiction of this court fixed by Minn. St. 203.38 to correct errors in the placing of the names of candidates on election ballots. The requested order has been refused for the reasons now stated.

The factual background of the problem is this: Ballots to be used in the voting machines in Ramsey and St. Louis Counties

in the primary election on September 10, 1974, first made available for public inspection as required by Minn. St. 203.35, subd. 2, on August 27, 1974, arranged the names of the candidates for the Democratic Farmer Labor nomination for the offices of governor, lieutenant governor, secretary of state, state auditor, state treasurer, and attorney general in this way:

| 9 10 GOVERNOR and LT. GOVERNOR VOTE FOR ONE TEAM Non-Operable / Team Lever | 11 SECRETARY OF STATE VOTE FOR ONE | 12 STATE AUDITOR VOTE FOR ONE | 13 STATE TREASURER VOTE FOR ONE | 14 ATTORNEY GENERAL VOTE FOR ONE |
|---|---|---|---|---|
| 9 A 10 A Wendell (Wendy) **Anderson** and Rudy **Perpich** | 11 A Joan Anderson **Growe** | 12 A Alcuin **Loehr** | 13 A Jim **Lord** | 14 A Warren **Spannaus** |
| 9 B 10 B Tom **McDonald** and Marvin (Marv) **Eakman** | 11 B Richard James **Noonan** | 12 B Robert W. (Bob) **Mattson** | 13 B | 14 B |

When rotated as required by statute (Minn. St. 203.35, subd. 5), the names of Anderson (Perpich), Growe, and Loehr will be replaced by the names of McDonald (Eakman), Noonan, and Mattson, and vice versa.

Petitioner claims that this is unfair to him because his name never appears on the same line with that of Anderson (Perpich) and Growe. Conversely, the name of his opponent, Alcuin Loehr, rotates in company with the names of Anderson (Perpich) and Growe and is always positioned on the voting machines to be used in Ramsey and St. Louis Counties on the same line as theirs. The advantage of being aligned with Anderson (Perpich) and Growe on the ballot occurs, it is reasoned, because Anderson is the in-

cumbent Democratic Farmer Labor governor and is, together with Perpich, Growe, Lord, and Spannaus, the endorsed candidate of the Democratic Farmer Labor party for the 1974 primary elections.

1. Application to this court for relief was made on August 28, 1974, the day after the form of ballot to be used on the voting machines in Ramsey and St. Louis Counties was first made available for public inspection. Acting pursuant to the direction of this court, notice of the application for relief was given to the county auditor of Ramsey County, the county auditor of St. Louis County, and to Alcuin Loehr of an expedited hearing which was held August 30, 1974. See, Rules of Civil Appellate Procedure, Rule 120.02. We feel that the petitioner acted as promptly as possible under the circumstances and that the difficulties of dealing with a problem of this kind in the time available to us are not of his making.

2. The arguments presented to this court by petitioner and by the attorneys for the counties of Ramsey and St. Louis and Alcuin Loehr, all of whom appeared in opposition to the relief requested, raise a number of difficult questions, including these:

(1) Is the relationship between the placement of a candidate's name on a ballot and the names of other candidates on the same ballot an "error" within the meaning of Minn. St. 203.38 which the supreme court of Minnesota is empowered to correct; and, if so, does a candidate for nomination in a party primary gain a forbidden advantage over his opponent when his name is placed on the same level as that of the incumbent governor and other endorsed candidates?

(2) If so, can the supreme court order corrective action when the advantage, if there is one, comes about as the fortuitous result of alphabetical placement of the names by election officials, with no plan or intent to group candidates because of endorsement or other similar factors?

(3) When called upon to order changes in name placement

on ballots, is it necessary or proper for the supreme court to consider the feasibility of the proposed change, evaluating such factors as: (a) The expense which will be involved in making alterations; (b) the limited time within which the changes requested must be accomplished; (c) the possible impact of the requested change on other candidates not directly involved in a contest with the party seeking relief; and (d) the possibility that the proposed change may introduce errors into the election process when alterations are made under pressures of time and improvised correcting devices such as "stickers" may be needed?

3. Minn. St. 203.30 provides in part that the name of a candidate may not appear on a ballot in any way which gives the candidate an advantage over his opponent except as otherwise provided by law. Although placement of the names on the ballots in Ramsey and St. Louis Counties as above described may work to the advantage of candidate Loehr, determination of that fact would require this court to take judicial notice that the association of a candidate's name with an incumbent governor or with some of the candidates endorsed by a political convention, though not so identified on the ballot, is in and of itself so unfair as to constitute an "error" within the meaning of § 203.38. We cannot do this. Incumbent officeholders are not always preferred over candidates who challenge them in party primaries. Endorsed candidates may or may not prevail in primary elections. For this court to decide that an advantage results from the association of names because of circumstances peculiar to the current political situation in Minnesota calls for assessments that this court is not prepared to make.

Even so, if satisfied that a premeditated attempt had been made to arrange the names of the candidates on the ballots in such a way as to group the endorsed candidates in opposition to the candidates who were not endorsed, an inference of unfairness sufficiently serious to constitute an "error" within the meaning of

§ 203.38 might arise so as to justify action by this court. We find nothing in the relevant statutes which permits endorsed candidates to appear on the primary election ballots as a "slate" or "ticket." But such is not the case here. The arrangement of the names on the ballots in Ramsey and St. Louis Counties will be the result of name placement based on the alphabetical order in which the last names of the candidates happen to fall. The names of Anderson (Perpich), Growe, and Loehr are grouped together because the first letter of the last name of each of these candidates precedes the name of his opponent in the order of the alphabet. The relationship between the name of state auditor candidate Loehr and that of state auditor candidate Mattson vis-a-vis the other candidates would be the same as it is if Mattson and not Loehr had been endorsed by the Democratic Farmer Labor convention. Such association of names as has resulted is a fortuitous circumstance—an accidental consequence of alphabetical placement. This being the situation, we cannot infer an intent or plan to prefer one candidate over another. It is true that the form of ballot to be used in Hennepin County avoids the problem we are dealing with by placing the contestants for nomination for each office on the same level on the ballot. But we do not think that this establishes that the placement to be used in Ramsey and St. Louis Counties is an error which we can now correct.

4. Our conclusion is that the legislature did not intend by the enactment of § 203.38 to give this court the responsibility for deciding on a case-by-case basis whether name association with incumbents or endorsed candidates because of the location of the names on the ballots constitutes such an unfair advantage as to be an "error" within the meaning of the statute. Where, as here, it appears that the advantage, if any, which accrues to the candidate whose name is placed on the same line as that of the incumbent governor and other endorsed candidates is the fortuitous result of alphabetical alignment, we believe that this court should refrain from ordering change.

5. Although we do not reach the question of feasibility in this case, it may be useful to the legislature to note that in the absence of clear legislative direction corrective action will not be ordered in cases such as this unless we are satisfied that the change can be made in an acceptable way within the time available, at a cost which is reasonable considering the danger of unfairness to be apprehended.

The application for the writ is denied.