# CONSTANCE W. SCHROEDER v. WAYNE A. JOHNSON.

252 N. W. 2d 851.

November 19, 1976—No. 47056.

*James T. Hale,* for applicant.

Considered and decided by the court without oral argument.

KELLY, JUSTICE.

Constance W. Schroeder moved this court on July 28, 1976, for ᴀ order directing the Hennepin County auditor to place her ᴜme on the primary election ballot as a candidate for the nomiᴀtion of the Democratic-Farmer-Labor Party for the office of ᴊate representative in Legislative District No. 43A. By order ᴀted August 6, 1976, we denied the application for relief and ᴛated *that an opinion would follow.*

The applicant alleged that on July 20, 1976, she submitted an ffidavit of candidacy, in compliance with the provisions of 'ᴍinn. St. 202A.22, to respondent. The applicant inadvertently ᴄaused the designation "43B" rather than "43A," the legislative district of applicant's residence, to be inserted in the space pro-

vided to designate the legislative district in which she was seeking office. Respondent determined to withhold the inclusion of applicant's name on the primary ballot for Legislative District No. 43A.

Applicant's prayer for relief was predicated upon the provisions of Minn. St. 203A.18, subd. 1(a) and (d), which states:

"Subdivision 1. When it shall appear by affidavit to any judge of the supreme court in the case of a state election, or of the district court of the proper county in the case of a county election:

(a) That an error or omission in the placing or printing of the name or description of any candidate on official primary or general election ballots has occurred or is about to occur; or

\* \* \* \* \*

(d) That any wrongful act, neglect, or error by any election judge, county auditor, canvassing board or member thereof, secretary of state, or other person charged with any duty concerning an election, has been or is about to be done, then the judge immediately shall order the officer, person, or board charged with the error, wrong, neglect, or failure to correct the same or perform the duty forthwith or show why he should not do so. Failure to obey the order is contempt of court."

Applicant contends that these remedial provisions are sufficiently broad in scope to permit their application to the facts as asserted and not controverted.

We cannot accept that interpretation of Minn. St. 203A.18, subd. 1(a) and (d). A careful analysis of these provisions leads to the conclusion that the legislature intended to protect potential candidates for public office from the errors and omissions of those enumerated persons charged with properly completing the procedural and mechanical duties attendant to the election process. Nowhere, either expressly or by implication, does it appear that the legislature contemplated the use of this remedy to correct errors or omissions resulting only from the candidate's inadvertence during the filing procedure. To so hold would

146

essentially construe the statute to permit an unwarranted application of its provisions.

Accordingly, the application for relief is in all respects denied.