Gary SCHIFF, et al., Appellants,

v.

Susanne GRIFFIN, City of Minneapolis Director of Elections, Respondent.

No. C9–01–1291.

Court of Appeals of Minnesota.

Feb. 12, 2002.

Alan W. Weinblatt, Weinblatt & Gaylord, PLC, St. Paul, MN, for appellant.

Jay M. Heffern, Minneapolis City Attorney, Larry F. Cooperman, Assistant City Attorney, Kristi M. Lassegard, Assistant City Attorney, Minneapolis, MN, for respondent.

Considered and decided by WILLIS, Presiding Judge, CRIPPEN, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellants, candidates for council member in the Minneapolis primary election of

September 11, 2001, challenge the district court order denying their petition for correction of ballot error, arguing that (1) they had standing by legislative conferral to seek judicial review of the alleged error; and (2) the phrases "DFL/Labor Endorsed" and "DFL–Endorsed" are lawful designations of political party or political principle under applicable election law. Respondent argues that appellants' challenge is moot because the election is over. Although appellants' claim is justiciable, the district court correctly denied the petition. We affirm.

## FACTS

On July 3, 2001, appellants Gary Schiff and Dean Kallenbach filed affidavits of candidacy for the office of council member in the September 11, 2001 Minneapolis city primary election. Affidavits of candidacy for council member in Minneapolis must include the candidate's "political party or political principle, stated in three words or less." Minneapolis, Minn., Code of Ordinances (MCO) ch. 2, § 5 (2001). The political party or political principle is placed on the ballot with the candidate's name. *Id.* Each appellant wrote "DFL/Labor–Endorsed" as his political party or political principle. Respondent Susanne Griffin, the acting Minneapolis Director of Elections, received the affidavits.

On July 12, 2001, respondent informed appellants that "DFL/Labor–Endorsed" is not an appropriate designation of political party or political principle under the MCO. Respondent notified Schiff and Kallenbach that

> since you have selected "Democratic–Farmer–Labor" as your party choice, I intend to place those three words on the ballot as your designation of "party or principle."

Respondent noted that appellants could refile their affidavits of candidacy by July 17, 2001 if they wished to confirm or change the "party or principle" designation. Appellants did not refile their affidavits of candidacy.

On July 31, 2001, appellants filed a petition for correction of ballot error and an application for order to show cause in district court, pursuant to the "errors and omissions" provision of Minn.Stat. § 204B.44 (2000). That provision authorizes the court, upon the petition of "any individual," to act to prevent an error or omission in the placement or printing of the name or description of any candidate or any question on any official ballot.

In their petition and application, appellants challenged respondent's refusal to place the words "DFL/Labor Endorsed" as their political principle on the primary election ballot. Appellants argued that (1) a factual statement of endorsement is a lawful expression of political principle; (2) "DFL" and "Democratic–Farmer–Labor" should be considered one word for the purpose of the three-word maximum mandated by MCO ch. 2, § 5; and (3) respondent's decision to designate appellants' political principle as "Democratic Farmer Labor" was an arbitrary, capricious, and illegal abuse of her essentially "ministerial" duty to place each candidate's political principle on the ballot as the principle is stated on the affidavit. Appellants requested a court order compelling respondent to place the words "DFL–Endorsed" next to their names on the ballot.

The district court issued an order for respondent to show cause for refusing to grant appellants' request. Respondent argued that (1) the phrase "DFL/Labor–Endorsed" is not a lawful expression of political principle under MCO ch. 2, § 5; (2) the phrase "DFL/Labor–Endorsed" violates Minn.Stat. § 204B.35 (2000) by giving appellants an unfair advantage over other candidates; (3) appellants lacked

standing to request that "DFL–Endorsed" be placed on the ballot because they had not written "DFL–Endorsed" on their affidavits of candidacy; and (4) because "Democratic–Farmer–Labor" and "DFL" consist of three words, the phrase "DFL–Endorsed" violates MCO ch. 2, § 5's three-word limit.

The district court denied appellants' petition to correct ballot error, finding that (1) appellants lacked standing to challenge respondent's actions; (2) the designation "DFL–Endorsed" is not a lawful political principle under MCO ch. 2, § 5; and (3) the designation "DFL–Endorsed" confers an unfair advantage on candidates so designated under Minn.Stat. § 204B.35. The district court did not address the issue of whether "DFL" or "Democratic Farmer Labor" is one word or three words for the purpose of MCO ch. 2, § 5. This appeal follows.

## ISSUES

I. Did the district court err by finding that appellants lacked standing to file a petition to correct ballot error?

II. Did the district court err by finding that the phrases "DFL/Labor–Endorsed" and "DFL–Endorsed" are not legitimate designations of political party or political principle under Minneapolis, Minn., Code of Ordinances ch. 2, § 5 (2001) or Minn.Stat. § 204B.35?

III. Did respondent lawfully refuse to place appellants' designation of political principle, as stated on their affidavits of candidacy, on the primary ballot?

IV. Was appellants' petition to correct ballot error rendered moot after the election was held?

## ANALYSIS

### I.

Appellants challenge the district court's finding that they lacked standing to bring the petition for correction of ballot error, arguing that Minn.Stat. § 204B.44 (2000) broadly confers standing "on any individual" to allege ballot error, and that the district court impermissibly considered the merits of the petition and the nature of the relief sought in determining standing. We agree, and now hold that appellants had standing to bring the petition.

Whether a party has standing to sue is a question of law, which we review de novo. *See Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984); *Joel v. Wellman*, 551 N.W.2d 729, 730 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996).

Standing is an aspect of justiciability that requires a party to have "a sufficient stake in a justiciable controversy to seek relief from a court." *State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 493 (Minn.1996) (citation omitted). A determination of standing properly focuses on the party seeking to have a court decide the merits of a dispute "and *not on the issues* [the party] wishes to have adjudicated." *Sundberg v. Abbott*, 423 N.W.2d 686, 688 (Minn.App.1988) (quoting *Flast v. Cohen*, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968)), *review denied* (Minn. June 29, 1988).

The legislature may confer standing on parties who might not otherwise meet judicially imposed standards for establishing standing. *See Minn. Pub. Interest Research Group v. Minn. Dept. of Labor & Indus.*, 311 Minn. 65, 72, 249 N.W.2d 437, 441 (1976). When the legislature

has authorized public officials to perform certain functions according to law, and has provided by statute for judicial review of those actions under certain circumstances, the inquiry as to standing must begin with a determination of whether the statute in question authorizes review at the behest of the plaintiff.

*Id.* (quoting *Sierra Club v. Morton,* 405 U.S. 727, 732, 92 S.Ct. 1361, 1364–65, 31 L.Ed.2d 636, (1972)).

Minn.Stat. § 204B.44 provides:

Any individual may file a petition * * * for the correction of * * *

(a) An error or omission in the placement or printing of the name or description of any candidate or any question on any official ballot; * * *

* * * *

The petition shall be filed with * * * any judge of the district court in that county in the case of an election for county, municipal, or school district office.

This grant of standing has been broadly construed. *See Clifford v. Hoppe,* 357 N.W.2d 98, 100 n. 1 (Minn.1984) ("a registered voter has a sufficient interest in the election" to petition the court to correct a ballot error under Minn.Stat. § 204B.44 (citation omitted)); *Moe v. Alsop,* 288 Minn. 323, 325, 180 N.W.2d 255, 257 (1970) ("a person qualified to vote" can invoke the court's jurisdiction to hear a petition to correct ballot error); *State ex. rel. Olson v. Scott,* 105 Minn. 513, 516, 117 N.W. 1044, 1045 (1908) ("a candidate at a primary election" has a sufficient interest in the election to request an order to show cause concerning alleged errors or omissions in placing names on the official ballot).

Respondents correctly cite to *Schroeder v. Johnson,* 311 Minn. 144, 252 N.W.2d 851 (1976), for the proposition that the § 204B.44 does not authorize courts to correct candidates' errors, but only errors attributable to election officials. *See id.* at 145–46, 252 N.W.2d at 852 (holding that the legislature did not intend the statute to "correct errors or omissions resulting only from the candidate's inadvertence during the filing procedure"). But appellants are challenging respondent's alleged error, not asking to rectify their own, so *Schroeder* does not apply here.

■ The district court also denied appellants standing after concluding that their petition was substantively flawed and their requested remedy prohibited by Minn.Stat. § 204B.44. The court found that appellants did not have standing to seek placement of "DFL–Endorsed" on the ballot since they had not used that designation on their affidavits of candidacy. The court concluded that it lacked authority to revise the ballots when no error had occurred.

■ But a determination of standing must not be based on the substantive merits or prospective success of a claim. *See Schlesinger v. Reservists Comm. to Stop the War,* 418 U.S. 208, 226, 94 S.Ct. 2925, 2935, 41 L.Ed.2d 706 (1974) (describing as "manifestly untenable" the "view that the inadequacy of the presentation on the merits would be an appropriate basis for denying standing"); *Flast,* 392 U.S. at 101, 88 S.Ct. at 1953 (noting that "in deciding the question of standing, it is not relevant that the substantive issues in the litigation might be nonjusticiable"). Here, appellants alleged ballot error, and the district court improperly denied standing by evaluating the merit of the claim and the propriety of the requested remedy.

Minn.Stat. § 204B.44 confers standing on appellants to challenge respondent's actions.

## II.

### A. Minneapolis, Minn., Code of Ordinances ch. 2, § 5

■ Appellants challenge the district court's conclusion that "DFL–Endorsed" is not a lawful political principle under MCO ch. 2, § 5 (2001). The district court concluded that "DFL–Endorsed" (1) impermissibly expresses the DFL's preference, not the candidate's political principle, and (2) impermissibly designates both a political party and a political principle.

■ Issues of statutory construction and interpretation present questions of law, which we review de novo. *See Arvig Tel. Co. v. Northwestern Bell Tel. Co.*, 270 N.W.2d 111, 114 (Minn.1978).

■ Candidates for council member in Minneapolis must include "the name of their political party or political principle, stated in three words or less, on their affidavits of candidacy." MCO ch. 2, § 5. When an ordinance is clear and unambiguous, we are not permitted to look beyond its plain meaning. *See Erickson v. State*, 599 N.W.2d 589, 590 (Minn.App.1999), *review denied* (Minn. Dec. 14, 1999). MCO ch. 2, § 5 plainly authorizes candidates to state their political party or political principle, not the principles of others.

Appellants argue first that "DFL–Endorsed" is a shortened form of the political principle, "I support only DFL–Endorsed candidates," and not a shortened form of "I am DFL-endorsed." This argument is not convincing. By its only reasonable interpretation, "DFL–Endorsed" describes appellants in terms of the DFL's preference; it does not describe other candidates in terms of appellants' preference. "DFL–Endorsed" does not express a principle held or advocated by appellants.

Appellants' claim that "DFL–Endorsed" means "I support only DFL-endorsed candidates" is also inconsistent with affidavits appellants themselves submitted in support of their petition. In the affidavits, appellants stated that "DFL–Endorsed" expresses the principle that "voters should know which candidates have their political party's support and which do not." Appellants thereby acknowledged that the purpose of the designation "DFL–Endorsed" is to express the DFL's preference, and not to state appellants' political principle.

The district court did not err by concluding that "DFL–Endorsed" is not a lawful expression of appellants' political principle.

■ Appellants also argue that the district court erred by concluding that "DFL–Endorsed" violates MCO ch. 2, § 5's "political party or political principle" language by expressing both a political party *and* a political principle. Appellants claim that an expression of political principle may lawfully include a political party name. We disagree.

"DFL" is indisputably the name of a political party. If, as appellants claim, "DFL–Endorsed" expresses a political principle, it also designates a political party, since it contains the term "DFL." But "DFL–Endorsed" is neither a simple expression of political party nor a lawful designation of political principle. It is an improper designation of both political party and political principle, and as such, violates MCO ch. 2, § 5.

The district court did not err by concluding that "DFL–Endorsed" expresses both a political principle and a political party.

### B. Minn.Stat. § 204B.35

■ Appellants argue that the district court erred by concluding that the words "DFL–Endorsed" confer an unfair advantage on them in violation of Minn.Stat.

§ 204B.35 (2000). That statute provides that

[t]he name of a candidate shall not appear on a ballot in any way that gives the candidate an advantage over an opponent, including words descriptive of the candidate's occupation, qualifications, principles, or opinions, except as otherwise provided by law.

Minn.Stat. § 204B.35, subd. 2. The supreme court has written in dicta that

a premeditated attempt * * * to arrange the names of the candidates on the ballots in such a way as to group the endorsed candidates in opposition to the candidates who were not endorsed [might raise] an inference of unfairness sufficiently serious to constitute an "error" within the meaning of [the errors and omissions statute].

*Mattson v. McKenna*, 301 Minn. 103, 106, 222 N.W.2d 273, 276–77 (1974). The *Mattson* court held that no ballot error results when the positioning of names on a ballot so that endorsed candidates (not identified as such) are grouped opposite non-endorsed candidates "is the fortuitous result of alphabetical alignment." *Id.* at 107, 222 N.W.2d at 277.

*Mattson* suggests that appellants would gain a prohibited unfair advantage by their premeditated attempt to distinguish themselves on the ballot as endorsed candidates. *Id.* Appellants attempt to distinguish *Mattson*, arguing they are not asking that their names be given special placement on the ballot. *Mattson* does not restrict the physical placement of names on a ballot, but proscribes deliberate designations of party endorsement that confer an unfair advantage on a candidate.

Minn.Stat. § 204B.35 prohibits ballot designations "descriptive of the candidate's occupation, qualifications, principles, or opinions, except as otherwise provided by law." The description "DFL–Endorsed" would give appellants an unfair advantage in violation of the statute. *See Clifford*, 357 N.W.2d at 102 (holding that the statute prohibits a candidate from using the description "Prolife" as her middle name on a ballot). Under *Mattson*, Minn.Stat. § 204B.35 prohibits appellants' attempt to place their party endorsement next to their names.

### III.

Appellants argue that respondent lacked statutory authority to reject their choice of political principle. Because respondent is only bound to accept otherwise lawful designations of political principle, we disagree.

Appellants cite to *Lind v. Scott*, 87 Minn. 316, 92 N.W. 96 (1902), for the proposition that an election official may not alter a candidate's designated political principle. In *Lind*, the supreme court described the duty of the public officer preparing the official ballot as

purely ministerial. He is not authorized to create or adopt a name for a candidate, but to accept the [political party] name suggested in the nomination papers, which must be a proper one * * *.

*Id.* at 317, 92 N.W. at 97.

Here, the Minneapolis city attorney reviewed the affidavits of candidacy and informed respondent that appellants' political-principle designation violated applicable election law and could be subject to legal challenge.

*Lind* does not support appellants' argument. In *Lind*, after a political party changed its name, an election official refused to place the new name on the ballot next to the party's candidates. *See id.* The supreme court held that the election official lacked discretion to use the party's "abandoned designation." *Id.* at 318, 92

N.W. at 97. *Lind* held that an election official may not reject an otherwise proper designation; it did not hold that an election official must accept an unlawful designation.

Respondent's rejection of appellants' unlawful political principle designation was not an abuse of discretion, but a fulfillment of her legal duty to certify only those ballots in formal compliance with applicable election laws. *See Clifford,* 357 N.W.2d at 101–02 (refusing to certify a name on a ballot in a form that violates Minnesota election laws).

## IV.

 Respondents argue that appellants' challenge is moot because the petition to correct ballot error concerned only the September 11 primary election, not the November 6 general election. We disagree.

> The doctrine of mootness dictates that this court will hear only live controversies and will not pass on the merits of a particular question merely for the purpose of setting precedent.

*In re Inspection of Minn. Auto. Specialties, Inc.,* 346 N.W.2d 657, 658 (Minn.1984).

> Mootness can be described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693, 709, 145 L.Ed.2d 610 (2000) (quotation omitted). If this "court is unable to grant effectual relief," the issue will be deemed moot. *In re Schmidt,* 443 N.W.2d 824, 826 (Minn.1989) (citation omitted).

In *Storer v. Brown,* 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974), the Supreme Court recognized that passage of an election does not necessarily render an election-related case moot; such cases may be exceptions to the mootness doctrine because they are "capable of repetition, yet evading review." *Id.* at 737 n. 8, 94 S.Ct. at 1282 n. 8 (quotation and citations omitted); *see also Fulani v. League of Women Voters Educ. Fund,* 882 F.2d 621, 628 (2d Cir.1989) (a case is "capable of repetition, yet evading review" where "[t]he issues properly presented, and their effects * * * will persist in future elections, and within a time frame too short to allow resolution through litigation") (quotations and citation omitted) (alteration in original).

Judicial review of a petition timely filed before a primary election under Minn. Stat § 204.B44 will typically not be complete before the general election. But the issue of whether candidates may use the word "endorsed" to designate their political party or principle on a ballot will likely arise in connection with future elections, and is therefore capable of repetition, yet evading review. Appellants' petition was not moot.

## DECISION

Appellants had standing by legislative conferral to file a petition to correct ballot error. The director of elections properly rejected as unlawful appellants' designation of political principle. The district court properly denied appellants' petition, because appellants' designated political principle is not authorized by applicable election law. Although the election has passed, this matter is capable of repetition, yet evading review, and is therefore not moot.

**Affirmed.**