**Rae ANDERSON, Petitioner,**

v.

**Mark RITCHIE, Minnesota Secretary of State, Respondent.**

**No. A12–1139.**

Supreme Court of Minnesota.

Aug. 22, 2012.

Rae Anderson, Saint Paul, Minnesota, petitioner pro se.

Lori Swanson, Attorney General, Christie B. Eller, Deputy Attorney General, Saint Paul, Minnesota, for respondent.

## OPINION

**PER CURIAM.**

In June 2012, petitioner Rae Anderson filed an affidavit of candidacy and nominating petition with the Secretary of State's Office, seeking to run as an independent candidate for Minnesota State Representative, House District 30B. The Secretary of State notified Anderson that her nominating petition had been rejected because it did not bear her residence address, as required by Minn.Stat. § 204B.07, subd.

1(b) (2010), and because Anderson's statement of political party or political principle exceeded the three-word limit imposed by Minn.Stat. § 204B.07, subd. 1(c) (2010). On July 3, 2012, Anderson filed a petition with our court under Minn.Stat. § 204B.44 (2010), seeking to require the Secretary of State to list her on the November 2012 general election ballot as a candidate for House District 30B.[1] Because we conclude that the Secretary of State properly rejected Anderson's nominating petition, we deny Anderson's section 204B.44 petition.

Candidates for partisan office who do not seek the nomination of a major political party must be nominated by petition. Minn.Stat. § 204B.03 (2010). The requirements for a nominating petition are set out in Minn.Stat. § 204B.07 (2010). Under subdivision 1(c) of section 204B.07, each page of the nominating petition "shall state ... the candidate's political party or political principle expressed in not more than three words." Minn.Stat. § 204B.07, subd. 1(c). Similarly, a candidate's affidavit of candidacy must list the candidate's statement of political party or political principle "stated in three words or less." Minn. Stat. § 204B.06, subd. 1 (2010). Candidates for elective office must strictly comply with the requirements for filing for office. *See, e.g., Paquin v. Mack,* 788 N.W.2d 899, 904 (Minn.2010) (affirming the rejection of a nominating petition for lack of sufficient signatures for which a street address, rather than a post office box, was given); *Idusogie v. Kiffmeyer,* 721 N.W.2d 283, 285 (Minn.2006) (affirming the rejection of a nominating petition for lack of the required number of signatures and barring

---

1. Our order of July 6, 2012, required Anderson to serve the Secretary of State and the other candidates for state representative, House District 30B, by July 9 and to file proof of service. Anderson failed to timely serve the other candidates for state representative. We do not condone Anderson's failure to comply with our order. But, under the circumstances of this case and because we deny Anderson's request to order the Secretary of State to place Anderson's name on the general election ballot, we see no prejudice to the other candidates from Anderson's failure to comply.

candidate from adding signatures gathered after the filing deadline); *Fetsch v. Holm,* 236 Minn. 158, 162–63, 52 N.W.2d 113, 115 (1952) (affirming the rejection of a nominating petition that contained more than sufficient signatures but lacked the required oath).

Anderson's statement of political party or political principle exceeded the statutory limit of three words and therefore she did not strictly comply with the requirements for filing for elective office. The pages of Anderson's nominating petition list a variety of statements of political party or political principle, including "Citizens for Life & Liberty," "Citizens (United) for Life & Liberty," "Citiz United for Life & Liberty," "Citizens United for Life & Liberty," "Citiz Unit for Life & Liberty," "Citiz United for Life, Liberty," and "Citiz United 'for Life & Liberty.'" None of the statements of political party or political principle on any of the pages of Anderson's nominating petition was stated in three words or less. The statement of political party or political principle on Anderson's affidavit of candidacy—"Citizens: 'Life and Liberty'"—also exceeded the three-word statutory limit.

But Anderson contends that her "running principle" was "Life and Liberty," three words that were written on each of the pages of her nominating petition. Anderson argues that by the preface "Citizens United for," she intended only to "emphasize[ ] to signers [of the petition] that *they had to be citizens and legally able to vote,* or their signature would not count." "Citizens for Life and Liberty," or some variation of that phrase, may state the political principle of the individuals

who signed Anderson's nominating petition, but it would not describe a principle held by Anderson herself, as the statute requires. *See Schiff v. Griffin,* 639 N.W.2d 56, 61 (Minn.App.2002) (interpreting language in city ordinance that is similar to Minn.Stat. § 204B.06, subd. 1 and rejecting "DFL–Endorsed" as "a principle held or advocated by" the candidates themselves).

Because candidates for public office must strictly comply with the statutory requirements for filing for office, and because the statement of political party or political principle on the pages of Anderson's nominating petition exceeded the limit of three words imposed by Minn. Stat. § 204B.07, subd. 1(c), we conclude that the Secretary of State properly rejected Anderson's nominating petition, and we therefore deny Anderson's petition filed under Minn.Stat. § 204B.44.[2]

Petition denied.

**2.** Because we conclude that the Secretary of State properly rejected Anderson's nominating petition for failure to comply with Minn. Stat. § 204B.07, subd. 1(c), we do not reach the question of whether the Secretary of State

properly rejected Anderson's petition for failure to comply with Minn.Stat. § 204B.07, subd. 1(b) (requiring each page of the nominating petition to state the candidate's residence address).