Jay FOSLE, Petitioner,

v.

Mark RITCHIE, Minnesota Secretary
of State, Respondent,

Ken Martin, Intervenor–Respondent.

No. A12–1736.

Supreme Court of Minnesota.

Dec. 5, 2012.

Jay Fosle, Duluth, MN, petitioner pro se.

Lori Swanson, Attorney General, Nathan J. Hartshorn, Assistant Attorney General, Saint Paul, MN, for respondent Ritchie.

Charles N. Nauen, David J. Zoll, and Julie A. Strother, Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, for intervenor-respondent Martin and for Erik Simonson.

Mark S. Rubin, Saint Louis County Attorney, James T. Nephew, Assistant County Attorney, Duluth, MN, for respondent Donald Dicklich, Saint Louis County Auditor.

Travis Silvers, Duluth, MN, pro se.

Garry D. Krause, Duluth, MN, amicus curiae pro se.

## OPINION

### PER CURIAM.

In *Martin v. Dicklich*, we ordered Donald Dicklich, the Saint Louis County Auditor ("the County Auditor") to replace the name of Kerry Gauthier with the name of Erik Simonson as the Democratic–Farmer–Labor ("DFL") endorsed candidate for state representative, House District 7B, on the November 2012 general election ballot. *Martin v. Dicklich*, No. A12–1588, Order at 3, 2012 WL 4465588 (Minn. filed Sept. 25, 2012). Jay Fosle, who had previously declared his write-in candidacy for state representative, District 7B, was not served with a copy of the *Martin* petition. On September 28, 2012, Fosle filed a petition with our court under Minn.Stat. § 204B.44 (2010), asking us to order that his name also be placed on the November 2012 ballot, either as "the Independent candidate" or without party affiliation. By order filed on October 10, 2012, we denied Fosle's petition with this opinion to follow. *Fosle v. Ritchie*, No. A12–1736, Order at 4 (Minn. filed Oct. 10, 2012).

The underlying facts are undisputed. During the filing period that closed in June 2012, only two candidates filed for the office of state representative, District 7B: incumbent Kerry Gauthier (endorsed by the Minnesota DFL Party) and challenger Travis Silvers (endorsed by the Minnesota Republican Party). At the close of the filing period, each was declared the nominee of his respective party.

*See* Minn.Stat. § 204D.03, subd. 3(a) (2010).

In July 2012, officers responded to a report of suspicious activity at a rest stop outside Duluth, which involved Gauthier. Gauthier was not charged in the incident, which first came to light in early August. As Gauthier publicly resisted calls for him to withdraw his bid for reelection, others announced their intention to mount write-in campaigns against Gauthier, including Erik Simonson and Jay Fosle. On August 20, 2012, Fosle filed with the Minnesota Secretary of State a written request, as required by Minn.Stat. § 204B.09, subd. 3(a) (2010), that write-in votes cast for him for state representative, District 7B, be counted.

On August 22, 2012, Gauthier announced that he intended to withdraw from the election. Gauthier submitted an affidavit of withdrawal to the County Auditor on September 6, 2012, but the County Auditor refused to accept it. On September 8, 2012, the DFL's Senate District 7 Committee convened an endorsing convention, revoked Gauthier's nomination, and endorsed Simonson as the DFL candidate in District 7B. On September 10, 2012, the DFL submitted a certificate nominating Simonson to the County Auditor, who refused to accept it.

On September 10, 2012, Simonson and Ken Martin, the DFL Chair, petitioned our court under Minn.Stat. § 204B.44, alleging that the County Auditor had erred in the ballot preparation process. We issued a scheduling order the next day, requiring among other things that petitioners Simonson and Martin serve their petition and any supporting documents on "all other candidates for state representative, District 7B." *Martin*, No. A12–1588, Order at 2 (Minn. filed Sept. 11, 2011).

On September 16, 2012, Fosle sent an e-mail to Secretary of State Mark Ritchie. Fosle's e-mail references an earlier telephone call to the Secretary of State's office, during which Fosle claims to have been told that "under state statute, the only way a candidate is able to have their name added to the ballot, after the primary, is if the candidate died after the primary." Fosle's e-mail to the Secretary of State indicates that he opposes the effort to put Simonson on the ballot "unless you add my name also as the Independent candidate." Fosle's e-mail continues: "it would be unfair to put anyone on the ballot, because Mr. Simonson nor I earned a spot on the ballot." Fosle's e-mail concludes: "If by chance your office has another view point on this situation and decides to go against policy be prepared to add my name on the ballot. Otherwise it is discrimination."

The Secretary of State's office responded to Fosle's e-mail with a September 24, 2012 letter informing Fosle that "Mr. Gauthier's name is still on the ballot" and that the Secretary of State's office had opposed the *Martin* petition. The Secretary of State's letter recommends that Fosle "express the concerns you have expressed in your email" in the *Martin* litigation itself.

On September 25, 2012, we granted the *Martin* petition, ordering the County Auditor to remove Gauthier's name from the November 2012 general election ballot and to replace it with Simonson's name as the DFL nominee for District 7B. *Martin*, No. A12–1588, Order at 3–4 (Minn. filed Sept. 25, 2012).

On September 28, 2012, our court received a petition under Minn.Stat. § 204B.44 from Fosle "requesting [his] Name on the ballot also" because he had not been served with a copy of the earlier *Martin* petition. After receiving submissions both in favor of and in opposition to

Fosle's petition, we issued an order on October 10, 2012, denying the petition with this opinion to follow. *Fosle,* No. A12–1736, Order at 4 (Minn. filed Oct. 10, 2012).

Fosle asserts no statutory basis for putting his name on the November 2012 general election ballot "either as an Independent or with no party affiliation." Moreover, to place Fosle on the ballot, "either as an Independent or with no party affiliation," would be contrary to Minnesota election law.

■ As to Fosle's request to be placed on the ballot as "an Independent," Fosle presents no evidence that he has been endorsed by the Independence Party, which has endorsed candidates in several other legislative races during this election cycle. As a result, to place Fosle's name on the ballot with the designation "Independent" would be confusing to voters. *See, e.g., In re Ryan,* 303 N.W.2d 462, 466 (Minn.1981) (holding that the phrases "DFL" and "LABOR ENDORSED" falsely implied political party endorsement); *Schiff v. Griffin,* 639 N.W.2d 56, 61 (Minn. App.2002) (barring candidates for city council from using as their statement of party or political principle the phrase "DFL–Endorsed").

■ As to Fosle's request to be placed on the ballot "with no party affiliation," Minn.Stat. § 204B.03 (2010) requires that candidates for partisan office who do not seek the nomination of a major political party be nominated by petition. Nomination by petition requires a statement of the candidate's "political party or political principle," Minn.Stat. § 204B.06, subd. 1 (2010), and a petition signed by at least 10 percent of the eligible voters in the legislative district (or 500, whichever is less), Minn.Stat. § 204B.08, subd. 3(c) (2010). Fosle did not file a nominating petition during the filing period for elective office, which closed in June 2012 for the November 2012 general election. *See* Minn.Stat. § 204B.09 (2010) (time and place of filing affidavits of candidacy and nominating petitions). Indeed, Fosle concedes that he became a write-in candidate because he "did not file in time to be on the ballot." Placing Fosle's name on the ballot, with or without party affiliation, would be contrary to state statute.

Fosle also asserts nonstatutory grounds that he contends entitle him to the placement of his name on the November 2012 ballot. In a memorandum filed in support of his petition, Fosle asserts:

> Mr. Simonson's situation is identical to mine. We both filed to run for Minnesota House District 7B as write in candidates as we did not file in time to be on the ballot.... This court has allowed Mr. Simonson's name to be added. As a matter of fairness, equity, and consistency my name should be added to the ballot as well.

To the extent Fosle's claim is grounded in the constitutional right to equal protection of the laws, this claim fails.

■ The threshold question in an equal protection claim is whether the claimant has been treated differently from others to whom the claimant is similarly situated. *State v. Johnson,* 813 N.W.2d 1, 12 (Minn.2012). Fosle and Simonson were arguably "similarly situated" until September 7, 2012. To that point, both were write-in candidates for District 7B. On September 8, however, the DFL endorsed Simonson as its candidate for District 7B. As we observed in *Johnson,* "the Equal Protection Clause does not require that the State treat persons who are differently situated as though they were the same." *Id.* (citing *State v. Cox,* 798 N.W.2d 517, 521 (Minn.2011)). Fosle and Simonson are therefore not "similarly situated": Simonson is the DFL-endorsed candidate for

District 7B, and Fosle is not. Equal protection of the laws therefore does not require us to order that Fosle's name be placed on the November 2012 general election ballot.

 Fosle also asserts that because he admittedly was not served with a copy of the petition in *Martin*, his name should be added to the November 2012 general election ballot as "a matter of fairness, equity, and consistency." Our scheduling order required the *Martin* petitioners to serve a copy of the petition on "all other candidates for state representative, District 7B." *Martin*, A12–1588, Order at 2 (Minn. filed Sept. 11, 2012). The *Martin* petitioners concede that they did not serve a copy of their petition on Fosle, but assert they were not required to do so because Fosle was only a write-in candidate who had "expressed a desire to pursue a write-in campaign." But Fosle had done more than simply "express[ ] a desire to pursue a write-in campaign;" he had formally notified the Secretary of State, as required by Minn.Stat. § 204B.09, subd. 3(a), that he wanted write-in votes for him counted.

Moreover, as a write-in candidate for state representative, District 7B, whose votes were to be counted by the Secretary of State, Fosle's interest in the outcome of the *Martin* litigation was no different than the interest of respondent Travis Silvers, the nominee of the Republican Party in District 7B. We agree with Fosle that a scheduling order in a case filed under Minn.Stat. § 204B.44 that requires service on "all" candidates for an elective office requires service on those individuals who have filed written requests under Minn. Stat. § 204B.09, subd. 3(a) to have their write-in votes tallied.

 But we do not agree that the appropriate remedy for the *Martin* petitioners' failure to serve Fosle is to place Fosle's name on the November 2012 general election ballot. The only questions presented by the *Martin* petition were whether Gauthier's name could be stricken from the ballot and, if so, whether Simonson's name could be put in its place. Even if Fosle had been served with the *Martin* petition and had chosen to file an opposition to that petition, as we have explained above, there would have been no basis on which to grant the relief Fosle seeks here.

Because there is no statutory or other basis on which to order that Fosle's name be placed on the November 2012 general election ballot for state representative, District 7B, we deny the petition.

Petition denied.

STRAS, J., took no part in the consideration or decision of this case.